OPINION
The parties to this appeal, Appellant Richard Frederick and Appellee Kathy Frederick, obtained a dissolution of marriage in 1986. Appellee received custody of the parties two minor children and the trial court ordered appellant to pay child support and alimony.
In 1990, appellee remarried, terminating appellant's seven year spousal support obligation. In 1991, the parties were before the trial court relative to a determination of arrearage. The trial court determined that appellant was in arrears for child support in the amount of $5,560 and for alimony in the amount of $30,800. Total arrearage were $36,360.
In its judgment entry of April 30, 1991, the trial court ordered appellant to pay at least $200 per month on the arrearage and further ordered that the unpaid balance of the arrearage accrue interest at the rate of six percent. The trial court did not find appellant's failure to pay support willful nor did the trial court reduce the arrearage to judgment.
Since 1991, appellant has paid approximately $13,000 on the arrearage. Appellant's child support obligation was subsequently modified in 1993 when the oldest child reached the age of eighteen and his child support obligation was terminated in 1997 when the youngest child reached the age of eighteen.
On May 8, 1997, appellee filed a motion for an increased arrearage payment and lump sum judgment. Upon reviewing this matter and pursuant to the case of Dunbar v. Dunbar (1994),68 Ohio St.3d 369, appellant filed a motion for relief from judgment pursuant to Civ.R. 60 (B). The trial court overruled appellant's motion on July 28, 1997. Appellant timely filed his notice of appeal and sets forth the following assignment of error for our consideration:
 I. THE COURT ERRED IN OVERRULING APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT BECAUSE IMPOSITION OF INTEREST ON A SUPPORT ARREARAGE WHICH HAS NOT BEEN REDUCED TO JUDGMENT IS CONTRARY TO LAW.
 I
Appellant contends, in his sole assignment of error, that the trial court should have granted his motion for relief from judgment pursuant to Civ.R. 60 (B) and the Dunbar case. We disagree.
A motion for relief from judgment under Civ.R. 60 (B) is addressed to the sound discretion of the trial court and a ruling will not be disturbed absent an abuse of discretion. Griffey v.Rajan (1987), 33 Ohio St.3d 75, 77. In order to prevail on a motion brought pursuant to Civ.R. 60 (B), "* * * the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60 (B) (1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60 (B) (1), (2) or (3), not more than one year after the judgment, order or proceedings was entered or taken." Argo Plastic Products Co. v. Cleveland (1984),15 Ohio St.3d 389, 391, citing GTE Automatic Electric v. ARCIndustries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
If any prong of this requirement is not satisfied, relief shall be denied. Argo at 391. "If the material submitted by the movant in support of a motion for relief from judgment contains no operative facts or meager and limited facts and conclusion of law, it will not be an abuse of discretion for the trial court to overrule the motion and refuse to grant a hearing." Adomeit v.Baltimore (1974), 39 Ohio App.2d 97, 105.
In support of his motion for relief from judgment, appellant cites to the Dunbar case.
The Ohio Supreme Court decided the Dunbar case in 1994 and held that the statutory right to interest did not exist prior to the enactment of R.C. 3113.219. Dunbar at 370. The Court further held that "[a]rrearages in child support which have not been reduced to a lump-sum judgment are not subject to the interest provisions of R.C. 1343.03." Id. at syllabus.
Appellant maintains that pursuant to Dunbar, there is no right to interest on a pre-1992 support arrearage that has not been reduced to judgment. Appellant further contends that he is entitled to relief under Civ.R. 60 (B) (5) because a change in the law or a clarification of the law, by the Ohio Supreme Court, that results in injustice to a litigant is a reason for which relief should be granted.
We find appellant is not entitled to relief for two reasons. First, appellant is asking this Court to apply the Dunbar case and R.C. 3113.219 retroactively since the statute was not effective until July 1, 1992 and the Dunbar case was not decided until 1994. The statute at issue must be construed in accordance with the laws governing the retroactive application of statutes. Section 28, Article II, Ohio Constitution provides that the General Assembly has no power to pass retroactive laws. In addition, R.C. 1.48
provides that a statute "is presumed to be prospective in its operation unless expressly made retrospective."
Since the judgment entry imposing six percent interest was issued prior to the decision in Dunbar or the effective date of R.C. 3113.219, the trial court properly imposed interest upon the arrearage without first reducing it to a lump sum judgment or finding that appellant acted willfully in not paying his support obligation. Further, as this Court has noted on numerous occasions, a party may not use a Civ.R. 60 (B) motion as a substitute for a timely appeal. Doe v. Trumbull Cty. ChildrenServices. Bd. (1986), 28 Ohio St.3d 128, paragraph two of the syllabus. The trial court did not abuse its discretion when it denied appellant relief from judgment as appellant was not entitled to relief under Civ.R. 60 (B) (5).
Appellant's assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, is hereby affirmed.
By: Wise, J., Gwin, P. J., and Hoffman, J., concur.
 JUDGMENT ENTRY
CASE NO. 1997CA00298
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, is affirmed.