This is an appeal from a judgment of the Lucas County Court of Common Pleas, Juvenile Division, which granted a motion to withdraw as counsel filed by appellant's attorney, and vacated a prior consent judgment entry. For the reasons that follow, we affirm the judgment of the trial court.
Appellant, Sylvester W., sets forth the following two assignments of error on appeal:
 "I. THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S COUNSEL'S MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT.
 "II. THE TRIAL COURT ERRED IN GRANTING THE PLAINTIFF'S MOTION TO VACATE IN VIOLATION OF OHIO CIVIL RULE 60(B)."
The undisputed facts that are relevant to the issues raised on appeal are as follows. On November 18, 1991, appellee, Teresa S., filed a complaint in parentage against appellant, after which appellant was ordered to pay child support for the parties' three children. On October 17, 1997, appellant filed a motion to modify his child support obligation. In support thereof, appellant stated that the parties' oldest son, Jazzb, was living with appellant during the school year.
On February 14, 1997, a "CONSENT JUDGMENT ENTRY" was filed in the trial court which stated, in relevant part, that the parties agreed that appellant "shall be named as the residential parent and legal custodian of Jazzb W." The judgment entry further stated that appellant would pay appellee $254.60 per month per child for the parties' remaining two children, and that appellant was current in his child support obligations. On March 21, 1997, appellee filed a motion to vacate the consent judgment entry, which the trial court dismissed on April 14, 1997.
On April 17, 1997, appellee refiled her motion to vacate the consent entry, pursuant to Civ. R. 60(B). In support thereof, appellee asserted that the consent entry "does not accurately represent the agreement of the parties" in that it forgives appellant's child support arrearage of $12,000, it misstates the parties' incomes and expenses, and it gives appellant permanent custody of Jazzb, contrary to the child's best interest. Accordingly, appellee asked the trial court to vacate the consent entry pursuant to Civ. R. 60(B)(1), (3) and (5), respectively. On May 16, 1997, the trial court granted appellee's motion and vacated the consent entry. On July 22, 1997, appellant filed a motion to vacate the trial court's May 14, 1997 judgment entry, in which he argued that he had not received proper notice and, therefore, the court lacked jurisdiction over his person. On October 22, 1997, the trial court granted appellant's motion and reinstated the consent judgment entry.
On October 31, 1997, appellee again refiled her Civ. R. 60(B) motion to vacate the consent entry. An evidentiary hearing was scheduled for December 1, 1997. On November 24, 1997, appellant's attorney filed a motion for a continuance, which was denied. On December 1, 1997, both parties and their attorneys appeared for a hearing; however, after the parties attempted unsuccessfully to settle the case, a further hearing on the merits was scheduled for January 27, 1998.
At the start of the January 27 hearing, appellant's counsel again asked the court for a continuance. Counsel stated to the court that appellant, who lives in South Carolina, had informed her several weeks earlier that he would not attend the hearing because he had a doctor's appointment scheduled for the following day. Counsel stated that she had no written verification of appellant's illness or the time and place of his doctor's appointment. The trial court denied counsel's motion for a continuance.
Appellant's attorney then asked the court for permission to withdraw as appellant's counsel because appellant was not coming for the hearing and she had been given no directions as to how to proceed in appellant's absence. Counsel further stated that she had informed appellant that the court would most likely rule against him if he did not appear. The trial court granted counsel's motion to withdraw. Testimony was then presented by appellee.
Appellee testified at the hearing that her signature appeared on the last page of the consent entry; however, the document she actually signed was only three pages long, while the document filed with the court was five pages long. Appellee further testified that she signed the consent entry in the office of appellant's attorney, without her own counsel being present. Appellee stated that, at the time the consent entry was filed, appellant had a $12,000 child support arrearage, which she had not agreed to waive, and that the consent entry she signed only gave appellee custody of Jazzb during the school year. Appellee further stated that the consent entry filed with the trial court misstated both parties' incomes for 1997.
On March 11, 1998, the trial court filed a judgment entry in which it granted appellee's motion to vacate the consent entry, ordered the Lucas County Child Support Enforcement Agency to recalculate appellant's outstanding child support obligation, and granted appellee a lump sum judgment in that amount. On April 10, 1998, a timely notice of appeal was filed.
Appellant asserts in his first assignment of error that the trial court erred "when it proceeded to hear testimony and rule upon the [appellee's] motion to vacate after first allowing [appellant's counsel] to withdraw * * *." Appellant argues in further support thereof that his counsel was permitted to withdraw in violation of DR2-110.
Appellant correctly states that DR2-110(A)(2) provides:
 "a lawyer shall not withdraw from employment until he has taken reasonable steps to avoid foreseeable prejudice to the rights of his client, including giving due notice to his client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled, and complying with applicable laws and rules." However, DR2-110(B)(2) further states that a lawyer must withdraw if "[h]e knows or it is obvious that his continued employment will result in violation of a Disciplinary Rule." In addition, DR2-110(C)(1)(d) states that a lawyer may withdraw if his client "[b]y other conduct renders it unreasonably difficult for the lawyer to carry out his employment effectively." In this case, the trial court stated that if appellant's counsel was required to go forward without appellant's presence at the hearing, she "might run the risk of advocating a position that [appellant] doesn't want, which would in turn expose [counsel] to malpractice * * *." The court also stated that by not appearing for the hearing, appellant had demonstrated that he did not want counsel to represent him. Accordingly, the trial court allowed appellant's counsel to withdraw.
As to whether the trial court erred by not continuing the hearing after allowing counsel to withdraw, we note that, generally, the grant or denial of a motion for a continuance is a matter which is within the discretion of the trial court. Such a decision will be reversed on appeal only if the trial court abused its discretion. State v. Unger (1981), 67 Ohio St.2d 65.
When determining whether the court's discretion has been abused, a reviewing court must balance the interests of judicial economy and justice against any potential prejudice to the moving party. Griffin v. Lamberjack (1994), 96 Ohio App.3d 257,264. The objective factors to be considered by the trial court in assessing the propriety of a motion for continuance include:
 "the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the [moving party] contributed to the circumstance which gives rise to the request for a continuance; and the other relevant factors, depending on the unique facts of each case." State v. Unger, supra, at 67-68.
The record contains no admissible evidence as to why appellant failed to attend the January 27, 1998 hearing, other than counsel's statement as to appellant's alleged poor health.[1] As stated above, counsel represented to the court that appellant had given her no instructions as to how to proceed in his absence, even though he stated several weeks before that he would not be attending the hearing. Accordingly, appellant's own conduct contributed greatly to the circumstances which gave rise to his request for a continuance.
Upon consideration of the foregoing and the law, this court finds that the trial court did not err by allowing appellant's counsel to withdraw under the circumstances presented in this case, or by refusing to continue the hearing to a later date. Accordingly, appellant's first assignment of error is not well-taken.
Appellant asserts in his second assignment of error that the trial court erred by vacating the consent judgment entry. In support thereof, appellant argues that the trial court's decision "was not based on any of the provisions listed under Rule 60 * * *."
It is well-established that "[a] motion for relief from judgment under Civ. R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed absent a showing of abuse of discretion." Griffey v. Rajan
(1987), 33 Ohio St.3d 75, 77. "The term `abuse of discretion' connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
The grounds for relief from a final judgment or order as set forth in Civ. R. 60(B) are:
 "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. * * * "
In order to succeed on a motion seeking relief from judgment pursuant to Civ. R. 60(B), a movant must demonstrate that:
 "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec., Inc. v. ARC Indus., Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
Relief pursuant to Civ. R. 60(B) will be denied if the movant fails to adequately demonstrate any one of the three requirements set forth in GTE, supra. Argo Plastic Products Co. v. Cleveland
(1984), 15 Ohio St.3d 389, 391.
The trial court specifically found that the provisions of Civ.R. 60(B)(1) — (4) did not apply to the facts of this case. Nevertheless, the trial court found, based on the evidence presented at the hearing, that appellee should be given relief from the consent judgment entry because it was not based on the consent of both parties. Contrary to appellee's assertion, the trial court may make such a determination pursuant to Civ. R. 60(B)(5). See Caruso-Ciresi, Inc. v. Lohman (1983), 5 Ohio St.3d 64,66. (Pursuant to Civ. R. 60(B)(5), a trial court may grant relief from a judgment for "any other reason justifying relief from the judgment," provided it is not used as a substitute for another subsection of the rule.)
This court has reviewed the entire record of proceedings that was before the trial court and, upon consideration thereof and the law, finds that the trial court did not abuse its discretion by granting appellee's motion for relief from the consent judgment entry pursuant to Civ. R. 60(B)(5). Accordingly, appellant's second assignment of error is not well-taken.
On consideration whereof, this court finds further that substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is hereby affirmed. Court costs of these proceedings are assessed to appellant.
[1] The unsigned, unsworn "affidavit" attached to appellant's appellate brief, in which he apparently attempts to justify his absence from the hearing to this court, was not before the trial court and may not be considered on appeal. See State v.Ishmail (1978), 54 Ohio St.2d 402.