OPINION
Appellant Alexander Perea appeals the decision of the Stark County Court of Common Pleas, Juvenile Division, that granted Appellee Stark County Child Support Enforcement Agency's ("CSEA") motion to reopen. The following facts give rise to this appeal. Appellant and Appellee Sarah Lopez were married on January 22, 1970. One child was born as issue of the marriage on January 21, 1971. The parties divorced on August 20, 1971, in the State of Illinois. The court awarded Appellee Lopez sole custody of the parties' minor child. On December 10, 1984, the Stark County Prosecutor's Office, predecessor in interest to Appellee CSEA, filed an URESA complaint on behalf of Appellee Lopez. On January 18, 1985, the trial court ordered appellant to pay child support in the amount of $85 per month commencing February 1, 1985. Appellee Lopez began receiving payments from appellant on March 25, 1985. Appellee Lopez received the last payment from appellant on February 26, 1988. Thereafter, Appellee CSEA contacted appellant on August 8, 1989, concerning his child support obligation. On August 14, 1989, appellant informed Appellee CSEA that his daughter graduated from Sandy Valley High School on June 4, 1989. For unknown reasons, on August 9, 1991, the trial court granted Appellee CSEA's motion to dismiss the URESA complaint because the child was over eighteen, there had been no activity on the case since 1985 and Stark County could not locate appellant. Although this matter had been dismissed, pursuant to a request by the State of Illinois, Appellee CSEA verified appellant's address and contacted appellant concerning his child support arrearage. On May 1, 1995, appellant contacted Appellee CSEA and stated his daughter lived with him prior to graduating from high school and that he had filed for bankruptcy and was unemployed. On January 29, 1997, Appellee CSEA filed an administrative notice with the trial court recommending that appellant pay $100 a month toward his child support arrearage. Appellant requested an administrative mistake-of-fact hearing on February 14, 1997. Appellee CSEA notified the trial court that a mistake-of-fact hearing would be conducted on February 22, 1997. On February 25, 1997, Appellee CSEA filed an administrative notice, with the trial court, which indicated appellant's arrears to be $3,350.76 through December 23, 1996. Appellant disagreed with this amount because he obtained custody of the minor child in 1987. On October 31, 1997, Appellee CSEA filed an administrative notice, with the trial court, recommending that a wage withholding be issued to appellant's employer for $80 per month. On November 1, 1997, appellant sent Appellee CSEA a letter, from Sandy Valley High School, indicating when the minor child entered school. Appellee CSEA filed a notice to the court which recommended that a seek work order be issued against appellant which the trial court did on March 12, 1998. On November 3, 1998, legal counsel for Appellee CSEA discovered the dismissal entry filed in 1991. Accordingly, on February 18, 1999, under case number JU 105961, Appellee CSEA filed a complaint for support orders in an attempt to collect the arrearage under juvenile case number JU 56018. The magistrate dismissed juvenile case number JU 105961, on May 5, 1999, on the basis that an order of support had been issued in juvenile case number JU 56018, which had been dismissed. On May 24, 1999, Appellee CSEA filed a motion to reopen juvenile case number JU 56018. Appellee CSEA amended this motion, on June 15, 1999, to a motion to vacate prior dismissal. On August 10, 1999, the trial court granted Appellee CSEA's motion to reopen juvenile case number JU 56018. Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration.
 I. THE TRIAL COURT ERRED IN SUSTAINING APPELLEE'S MOTION FOR RELIEF FROM JUDGMENT.
 I
Appellant contends, in his sole assignment of error, that the trial court erred when it granted appellees' motion for relief from judgment. We agree. We begin by noting that neither of Appellee CSEA's motions seek relief from judgment under Civ.R. 60(B). Instead, the first motion filed on May 24, 1999, is captioned "Motion to Reopen Case." The second motion filed on June 15, 1999, is captioned "Motion to Vacate the Prior Dismissal." Neither motion refers to Civ.R. 60(B). However, Civ.R. 1(C) provides, in pertinent part: "These rules, to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure * * * (5) in uniform reciprocal support actions, * * *." This rule makes clear that, where applicable, the Civil Rules govern the procedure to be followed. See Kries v. Kries (June 5, 1992), Lucas App. No. L-91-368, unreported, at 2; In the Matter of State of Iowa, ex rel. v. Hawk (Oct. 30, 1989), Hocking App. No. 88 CA 3, unreported, at 3. Under the Civil Rules, the type of relief sought by Appellee CSEA is governed by Civ.R. 60(B). Therefore, we apply the standards contained in Civ.R. 60(B) in analyzing appellant's sole assignment of error. A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court and a ruling will not be disturbed absent an abuse of discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77. An abuse of discretion connotes more than an error of law or judgment, it implies the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. In order to prevail on a motion brought pursuant to Civ.R. 60(B), * * * the movant must demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceedings was entered or taken. Argo Plastic Products Co. v. Cleveland (1984), 15 Ohio St.3d 389,391, citing GTE Automatic Electric v. ARC Industries (1976),47 Ohio St.2d 146, paragraph two of the syllabus.
If any prong of this requirement is not satisfied, relief shall be denied. Argo at 391. Further "[i]f the material submitted by the movant in support of a motion for relief from judgment contains no operative facts or meager and limited facts and conclusion of law, it will not be an abuse of discretion for the trial court to overrule the motion and refuse to grant a hearing." Adomeit v. Baltimore (1974), 39 Ohio App.2d 97, 105. In the case sub judice, since Appellee CSEA did not refer to Civ.R. 60(B) in either of its motions, we do not know under what grounds it claims it was entitled to relief. Therefore, for purposes of this appeal, we will consider all five grounds contained in Civ.R. 60(B). The rule provides, in pertinent part: (B) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud; etc On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud * * *, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. * * *
Because the judgment entry dismissing the URESA complaint was filed in 1991, Appellee CSEA was not entitled to relief under grounds (1), (2) or (3) as the motion for relief from judgment was made more than one year after the dismissal was entered by the trial court. We also find ground (4) inapplicable. Although an argument could be made that it is no longer equitable that the judgment should have prospective application, appellee set forth no operative facts, at the hearing, to support this argument. Counsel for Appellee CSEA merely stated that she believed what happened was CSEA was cleaning up open files and instead of dismissing a pending motion the entire case was dismissed. Tr. at 4. Clearly, under this argument, Appellee CSEA should have sought relief under Civ.R. 60(B)(1). Accordingly, we find that Civ.R. 60(B)(4) would not be the appropriate ground for Appellee CSEA's motion for relief from judgment, given that the more specific provisions of Civ.R. 60(B)(1) applied. As to the fifth ground, "* * * any other reason justifying relief from judgment * * *", we find it is not applicable because Civ.R. 60(B)(5) should not be used as a substitute for any of the other more specific provisions of Civ.R. 60(B). Caruso-Ciresi, Inc. v. Lohman (1983),5 Ohio St.3d 64, paragraph one of the syllabus. As noted above, Appellee CSEA could have sought relief under Civ.R. 60(B)(1). We conclude, based on the length of time that passed from the entry of dismissal and the motion for relief from judgment and the lack of operative facts to support relief from judgment, the trial court abused its discretion when it granted Appellee's CSEA's "Motion to Reopen Case." Appellant's sole assignment of error is sustained.
For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is hereby reversed.
By: WISE, J. GWIN, P.J., and FARMER, J., concur.