DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, which denied appellant Lucretia Davis' motion for relief from judgment pursuant to Civ.R. 60(B). For the reasons that follow, we hereby affirm the judgment of the trial court.
On appeal, appellant sets forth the following two assignments of error:
 "I. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION WHEN IT REFUSED TO VACATE THE JOURNAL ENTRY AS UNILATERALLY SIGNED BY THE (APPELLEE) AND WHICH ENTRY DID NOT MAKE AN EQUITABLE DIVISION OF MARITAL PROPERTY AND RESOLVE ALL DISPUTES.
 "II. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION WHEN IT FAILED TO VACATE THE FILED JOURNAL ENTRY AND WHICH ENTRY DOES NOT REFLECT A REASONABLE AWARD OF SPOUSAL SUPPORT."
This case began as an action for divorce in 1989. On June 4, 1992, the trial court journalized a decision in which it allocated the parties' parental rights and responsibilities, divided the marital assets, and ordered appellee to pay appellant spousal support. On February 23, 1993, appellant filed a timely notice of appeal. On March 4, 1994, this court filed a judgment entry in which we found that the trial court had failed to properly value appellee's pension and personal savings plans, the parties' interest in U.S. resorts, and a universal life insurance policy. Accordingly, we remanded the case back to the trial court to value and re-distribute those marital assets before re-determining the amount of spousal support to be paid by appellee. On August 27, 1999, the trial court filed a "Decision and Order" in which it valued the above-listed assets for purposes of distributing the parties' marital property. The trial court ordered appellee to pay appellant $40 per week spousal support until she dies or remarries. Appellant's attorney was ordered to prepare a final judgment entry to be submitted to the trial court within thirty days of the date of its decision.
On November 5, 1999, appellant filed a motion for reconsideration of the trial court's decision, which was ultimately denied by the trial court on April 4, 2000. Thereafter, counsel for appellee submitted a proposed judgment entry to the trial court, which was journalized as the court's "FINAL JUDGMENT ENTRY" on August 2, 2000. No appeal was taken from the final judgment entry.
On September 1, 2000, appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B). In support of her motion, appellant argued that the judgment should be vacated because appellee did not give her a chance to attempt to resolve the ongoing disputes between the parties before the proposed judgment entry was submitted to the trial court. Appellant stated that, as a result of appellee's actions, "issues regarding child support, alimony, division of property, payment of bills and pension fund rights * * * have not been legally or equitably determined by the parties * * *." On September 19, 2000, the trial court denied appellant's Civ.R. 60(B) motion. On October 19, 2000, a timely appeal was filed.
Appellant's two assignments of error will be considered together since she argues in both that the trial court erred by denying her motion for relief pursuant to Civ.R. 60(B). Appellant asserts on appeal that the trial court failed to consider all the facts of the case and did not consider all of the required statutory factors set forth in R.C. 3105.17.1(C)(1) and R.C. 3105.18(B), resulting in an inequitable distribution of marital assets and an unfair "assessment of liability for marital support and the payment of bills acquired during this long marriage."
It is well-established that "[a] motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed absent a showing of abuse of discretion." Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77. "The term `abuse of discretion' connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
The grounds for relief from a final judgment or order as set forth in Civ.R. 60(B) are:
 "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. * * *"
In order to succeed on a motion seeking relief form judgment pursuant to Civ.R. 60(B), a movant must demonstrate that:
 "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the ground of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec., Inc. v. ARC Indus., Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
Relief pursuant to Civ.R. 60(B) will be denied if the movant fails to adequately demonstrate any one of the three requirements set forth inGTE, supra. Argo Plastic Products Co. v. Cleveland (1984),15 Ohio St.3d 389, 391.
A review of the entire record in this case demonstrates that appellant has not raised any issues other than those which are within the sound discretion of the trial court in a domestic relations case. See, Boothv. Booth (1989), 44 Ohio St.3d 142. As stated above, no direct appeal was taken from the trial court's August 2, 2000 judgment entry.
Upon consideration of the entire record in this case and the law, this court finds that the issues raised by appellant do not constitute any of the recognized grounds for relief set forth in Civ.R. 60(B) and GTE,supra. We further find that, as a matter of law, appellant may not collaterally attack any issues that could have been raised in a direct appeal by the filing of a motion pursuant to Civ.R. 60(B). See Doe v.Trumbull Co. Children Svc. Bd. (1986), 28 Ohio St.3d 128, 131 (Civ.R. 60(B) may not be used as a substitute for an appeal pursuant to App.R. 4(A)). Accordingly, the trial court did not abuse its discretion when it denied appellant's motion for relief from judgment pursuant to Civ.R. 60(B).
Appellant's first and second assignments of error are not well-taken. The judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is hereby affirmed. Court costs of these proceedings are assessed to appellant.
 ______________________ James R. Sherck, JUDGE
Richard W. Knepper, J. and Mark L. Pietrykowski, P.J. CONCUR.