Argo Plastic Products Company et al., Appellants, *v.*
City of Cleveland, Appellee.

[Cite as Argo Plastic Products Co. *v.* Cleveland (1984),
15 Ohio St. 3d 389.]

(No. 83-1920—Decided December 31, 1984.)

Mr. *Kenneth J. Fisher,* for appellants.

Messrs. *Weston, Hurd, Fallon, Paisley & Howley,* Mr. *Louis Paisley* and Mr. *Warren Rosman,* for appellee.

CELEBREZZE, C.J. The question facing this court in the present case is whether the trial court erred in denying the city's request for relief under Civ. R. 60(B). For the following reasons, we hold that the trial court properly denied the relief from judgment requested by the city.

Civ. R. 60(B) provides in relevant part:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * *."

In *GTE Automatic Electric* v. *ARC Industries* (1976), 47 Ohio St. 2d 146 [1 O.O.3d 86], this court held at paragraph two of the syllabus:

"To prevail on a motion brought under Civ. R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."

Thus, we stated in *Svoboda* v. *Brunswick* (1983), 6 Ohio St. 3d 348, 351, that:

"In order to prevail on a motion brought under Civ. R. 60(B), a movant must show (1) the existence of a meritorious defense or claim, (2) entitlement to relief under one of the grounds set forth in the rule, and (3) that the motion is made within a reasonable time. Should any prong of the standard for granting motions brought under Civ. R. 60(B) be unsatisfied, relief shall be denied." *GTE, supra,* at 151 ("requirements are independent and in the conjunctive, not the disjunctive").

The city proposes that its "meritorious defenses" to the judgment entered by the trial court were as follows: appellants were not entitled to relocation expenses from the city since no federal funds were used in the project; appellants failed to follow federal regulations in applying for relocation assistance; and appellants were not entitled to the amount of damages agreed to by the city's counsel. The city relies on *Colley* v. *Bazell*

(1980), 64 Ohio St. 2d 243, 247 [18 O.O.3d 442], at fn. 3,[1] and argues that, as long as the defense is not frivolous, it constitutes a meritorious defense within the meaning of *GTE, supra,* and entitles the city to relief.

At the outset, the first two of the aforementioned "meritorious defenses" go to the issue of liability which was litigated in appellants' motion for summary judgment. The city never responded to appellants' motion for summary judgment despite a personal request to do so by the trial court. However, the trial court specifically found that summary judgment was granted in favor of appellants on the merits of the motion and not due to the failure of the city to respond. The city never appealed this determination of liability. Even though it claims surprise under Civ. R. 60(B)(1), the city is in no position to seriously argue at this juncture that it is in any way surprised that the issue of liability was adjudicated in appellants' favor. Consequently, the city's motion for relief from judgment in this regard was properly denied since the city was not entitled to relief under Civ. R. 60(B)(1).

We turn now to a consideration of whether the trial court properly denied the city's Civ. R. 60(B) motion with respect to the settlement agreement or damages. The city may indeed have been factually surprised, perhaps even shocked, that its counsel, who supposedly only had authority to settle a case for $2,500, settled the instant lawsuit for over $500,000. Nevertherless, we hold that the city is not entitled to relief from judgment under Civ. R. 60(B) pursuant to *GTE, supra.*

This court held at paragraph four of the syllabus in *GTE, supra,* that:

"As a general rule, the neglect of a party's attorney will be imputed to the party for the purposes of Civ. R. 60(B)(1). (*Link* v. *Wabash R.R. Co.,* 370 U.S. 626, followed.)"

In *GTE, supra,* we declined to allow relief from judgment under Civ. R. 60(B)(1) to a party whose attorney allegedly committed excusable neglect which resulted in a default judgment. We stated therein that:

" '* * * [I]f an attorney's conduct falls substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice. But keeping this suit alive merely because * * * [defendant] should not be penalized for the omissions of his own attorney would be visiting the sins of * * * [defendant's] lawyer upon the * * * [plaintiff].' " *Id.* at 152, quoting *Link* v. *Wabash RR. Co.* (1962), 370 U.S. 626, 634, fn. 10.

In our view, the principle expressed in *GTE, supra,* with respect to excusable neglect under Civ. R. 60(B)(1), applies equally to a claim of surprise under the same provision. For purposes of Civ. R. 60(B)(1), then, the conduct of counsel is imputed to his client. It follows that the city may not now obtain relief from judgment under Civ. R. 60(B)(1) solely on the

---

[1] Footnote 3 states in part that "[t]he movant's burden is to allege a meritorious defense, not to prevail with respect to the truth of the meritorious defense."

ground of misconduct by *its own attorney.* Thus, under our holding in *GTE, supra,* any "mistake, inadvertence, surprise or excusable neglect," as set forth in Civ. R. 60(B)(1), by counsel for a party does not entitle that party to relief from judgment under the rule.

In the case *sub judice,* the city occupies the same position as did ARC Industries in *GTE, supra.* As we did in *GTE,* we therefore impute Kless' actions to the city in considering whether the city may obtain relief from judgment under Civ. R. 60(B)(1). That being the case, the city's contention that Civ. R. 60(B) relief is warranted where its attorney exceeds his settlement authority is without merit. The city's remedy, if any, lies elsewhere.

While we have sympathy for the city's situation, we feel that it would be manifestly unjust to appellants herein to vacate the judgment entered below pursuant to the settlement on the amount of damages. Using the language employed in *GTE, supra,* we would be " 'visiting the sins of * * * [the city's] lawyer upon the * * * [appellants].' " *Id.* at 152. Such would run afoul of the established purpose of Civ. R. 60(B) which is to afford "relief in the interests of justice." *Svoboda* v. *Brunswick, supra,* at 351. See, also, *Blasco* v. *Mislik* (1982), 69 Ohio St. 2d 684, 687-688 [23 O.O.3d 551].

Accordingly, the judgment of the trial court being correct, the judgment of the court of appeals is thus reversed.

*Judgment reversed.*

W. Brown, Sweeney, C. Brown and J. P. Celebrezze, JJ., concur.

Locher and Holmes, JJ., dissent.

Locher, J. dissenting. For the following reasons I am compelled to respectfully dissent.

The majority correctly points out that to sustain a Civ. R. 60(B) motion a three-part test must be fulfilled. The trial court conceded all but one facet of that test—whether a meritorious claim or defense was presented.

The basis for the trial court's belief, as it stated in its opinion, was: "* * * [I]f the 'Agreed Judgment Entry' had not been entered by the Court and approved by counsel on April 15, 1982, the case would have proceeded to trial on April 19, 1982. At trial, the City would surely have produced Ms. Park as its expert witness and her testimony at that time would have been that $553,673.74 represented a reasonable relocation figure based upon plaintiffs' claims." The city, however, through the affidavit of a second expert, William Von Klug, and the subsequent reconsideration by Park, demonstrated that the trial court's assumption was erroneous—a far smaller relocation expense figure would have been presented. As a number of my colleagues in the majority agreed, by their respective concurrences in the case of *Colley* v. *Bazell* (1980), 64 Ohio St. 2d 243, "[t]he

movant's burden is to allege a meritorious defense, not to prevail with respect to the truth of the meritorious defense." *Id.* at 247, fn. 3. Even if, *arguendo,* we accept that the city is liable for some relocation expense, the allegation has been made and supported that the relocation figure was substantially inflated. The burden of *Colley* to allege a meritorious defense has been met by the city and it was clearly erroneous for the trial court to make assumptions beyond the allegations presented when evidence was properly adduced to the contrary.

Moreover, from the standpoint of public policy, I might agree to the general principle that an attorney's actions be imputed, in some instances, to a client to the extent that the general issue of liability is determined. It is, however, difficult for me to accept the majority's proposition that the amount of liability also be attributed without legal recourse from incompetent or consciously malicious counsel to the client. What good is a malpractice claim, the majority's suggested means of redress, against a judgment-proof "attorney" with only thousands of dollars in legal malpractice insurance coverage who could not pay for millions of dollars of potential settlement expenses incurred by acts of spite, malice, or incompetence? Additionally, I see no reason for this court to give the appellants herein a windfall in lieu of a just and reasonable settlement established through due process of law. Apparently, summary judgment is appropriate, regardless of the facts, against defendants and yet inappropriate, regardless of the facts, for plaintiffs. See, *e.g., Shinaver* v. *Szymanski* (1984), 14 Ohio St. 3d 51, 56 (Locher, J. dissenting). I think it is sufficient to impute the question of liability from attorney to client under some circumstances, but it is unjust, unreasonable, and potentially dangerous to allow the amount of liability to stand where a genuine issue has been raised as to the propriety of the amount. I would therefore affirm the court of appeals.

HOLMES, J., concurs in the foregoing dissenting opinion.