Appellant Guernsey County Child Support Enforcement Agency ("CSEA"), is appealing the decision of the Guernsey County Court of Common Pleas, Juvenile Division, that granted relief to Appellee Jeremy Rusnak pursuant to Civ.R. 60(B)(5). The following facts give rise to this appeal.
This case commenced in September of 1994, when appellee and Misty Shaffer appeared before the administrative hearing officer for CSEA and established paternity pursuant to R.C. 3111.22. At this hearing, appellee signed an acknowledgment of paternity of the minor child Tyler S. Rusnak. Appellee had previously signed the birth certificate of the minor child, indicating he was the child's biological father. Appellee did this, despite his knowledge that he was not the biological father of the minor child.
On November 10, 1994, appellant filed a complaint to establish paternity and requested a child support determination. Appellant also requested court approval of the administrative hearing along with a request for the trial court to retain jurisdiction over matters of custody, support and visitation. On December 28, 1994, the parties appeared before the trial court for a hearing. The trial court approved, ratified and entered as an order of the trial court the administrative paternity order. The trial court did not address the issues of custody, support or visitation since the parties were living together.
CSEA moved for the establishment of an order for child support on December 19, 1996. The trial court conducted a hearing on January 22, 1997, and ordered appellee to pay support for the minor child since appellee was no longer living with Misty Shaffer and the minor child. On January 28, 1997, appellee moved for an impounding of his support obligation and requested an order for blood testing and an oral hearing. The trial court granted appellee's motion. The results of the DNA test indicated a 0.00 percent probability that appellee was the biological father of the minor child.
Based upon the DNA results, appellee filed a motion for relief from judgment, pursuant to Civ.R. 60(B)(5), on July 17, 1997. The trial court conducted a hearing on appellee's motion and granted the requested relief on October 23, 1997. It is from this judgment entry appellant appeals setting forth the following assignment of error for our consideration:
 I. THE COURT ABUSED ITS' (SIC) DISCRETION AND ERRED BY GRANTING THE MOTION FOR RELIEF FROM JUDGMENT UNDER 60(B)(5).
 Standard of Review
A motion for relief from judgment under Civ.R. 60(B)(5) is addressed to the sound discretion of the trial court and a ruling will not be disturbed absent an abuse of discretion. Griffey v.Rajan (1987), 33 Ohio St.3d 75, 77.
In order to prevail on a motion brought pursuant to Civ.R. 60(B), "* * * the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceedings was entered or taken." ArgoPlastic Products Co. v. Cleveland (1984), 15 Ohio St.3d 389, 391, citing GTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
If any prong of this requirement is not satisfied, relief shall be denied. Argo at 391. "If the material submitted by the movant in support of a motion for relief from judgment contains no operative facts or meager and limited facts and conclusion of law, it will not be an abuse of discretion for the trial court to overrule the motion and refuse to grant a hearing." Adomeit v.Baltimore (1974), 39 Ohio App.2d 97, 105.
It is based upon this standard that we review appellants' sole assignment of error.
 I
Appellant maintains, on appeal, the trial court abused its discretion when it granted appellee's motion for relief from judgment because appellee knew he was not the biological father of the minor child all along and therefore, the DNA test result was not "new" evidence. We agree.
Appellee sought relief from judgment pursuant to Civ.R. 60(B)(5) which provides relief may be granted for "any other reason justifying relief from judgment." However, Civ.R. 60(B)(5) applies only when a more specific provision does not apply.Caruso-Ciresi, Inc. v. Lohman (1983), 5 Ohio St.3d 64, 66. Since, Civ.R. 60(B)(2) specifically addresses newly discovered evidence, there is no need to resort to Civ.R. 69(B)(5). However, under Civ.R. 60(B)(2), relief from judgment must be sought within one year after judgment is entered.
Although appellee did file his motion for relief from judgment within one year of the DNA results, he knew well before he received the results of the DNA test that he was not the biological father of the minor child. Appellee testified, at the hearing on his motion for relief from judgment, that he signed the administrative documents in September of 1994, indicating he was the biological father of the minor child, even though he knew he was not the biological father because Misty Shaffer was already two months pregnant when he began dating her. Tr. at 8.
Therefore, appellee was not entitled to relief under Civ.R. 60(B)(5) as a more specific section applies, namely Civ.R. 60(B)(2). However, appellee did not seek relief from judgment under Civ.R. 60(B)(2) and he would not have been entitled to such relief because he knew, in 1994, he was not the biological father of the minor child and admitted such at the hearing on his motion for relief from judgment.
Although it may appear to be unfair to require an individual to pay child support for a child not biologically his own, that is not the sole issue. In addition to fairness, there must be some finality to a judgment. One cannot choose to be a parent and then change his or her mind when they decide to dissolve their relationship with the biological parent. Although the analogy is not perfect, it is similar to that of an adoption. Once a person takes the legal steps necessary to become a parent, one cannot choose to dissolve that relationship and the associated responsibilities if he or she decides later they no longer wish to be a parent. In a fact situation such as this, where the individual knows the child is not his and makes a conscious decision to become the parent, the analogy is even more appropriate.
Appellant's sole assignment of error is sustained.
For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Guernsey County, Ohio, is hereby reversed.
By: Wise, J. Hoffman, P. J., Reader, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas, Juvenile Division, Guernsey County, Ohio, is reversed.