Appellants Timothy Cline, Sr., Carol Cline and Timothy Cline, Jr. are appealing the decision of the Stark County Court of Common Pleas that granted Appellee John Palmer, Jr.'s motion for relief from judgment.
The accident giving rise to this appeal occurred on November 22, 1995. On this date, Appellants Timothy Cline, Sr. and Timothy Cline, Jr. were stopped on Martindale Road waiting to turn left when Appellee John Palmer, Jr. failed to stop in an assured clear distance and struck the rear end of the vehicle being driven by Appellant Timothy Cline, Jr. To date, as a result of the accident, Appellant Timothy Cline, Sr. has incurred medical bills in the amount of $5,918.03. Appellant Timothy Cline, Jr. has incurred medical bills in the amount of $1,286. Apellee was cited with failing to maintain an assured clear distance and driving with a suspended license.
Prior to the commencement of this lawsuit, counsel for appellants attempted to negotiate a settlement, of both claims, with counsel for Allstate Insurance Company ("Allstate"). Allstate offered to settle appellants' claims for $3,991. Appellants refused Allstate's offer. Thereafter, appellants commenced this lawsuit against appellee by filing a complaint on November 18, 1997. Appellee was served with a copy of the complaint and a summons on November 21, 1997. Appellee failed to file an answer or otherwise respond to the complaint and appellants filed a motion for default judgment on December 31, 1997. The trial court granted appellants' motion on January 23, 1998. The trial court conducted a damages hearing on February 9, 1998. By judgment entry dated February 18, 1998, the
 [A]n abuse of discretion involves far more than a difference in * * * opinion * * *. The term discretion in itself involves the idea of choice, of an exercise of the will, of a determination made between competing consideration. In order to have an 'abuse' in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias. Id. at 87, citing State v. Jenkins (1984), 15 Ohio St.3d 164, 222.
In order to prevail on a motion brought pursuant to Civ.R. 60(B), "* * * the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceedings was entered or taken." Argo Plastic Products Co. v. Cleveland (1984), 15 Ohio St.3d 389,391, citing GTE at paragraph two of the syllabus. If any prong of this requirement is not satisfied, relief shall be denied. Argo at 391. "If the material submitted by the movant in support of a motion for relief from judgment contains no operative facts or meager and limited facts and conclusion of law, it will not be an abuse of discretion for the trial court to overrule the motion and refuse to grant a hearing." Adomeitv. Baltimore (1974), 39 Ohio App.2d 97, 105. It is based upon this standard that we review appellants' assignment of error.
With regard to the meritorious defense requirement, the trial court determined appellee did have a meritorious defense to present if relief was granted. The trial court noted, in its judgment entry, that appellee testified that appellant stopped suddenly and only after stopping signaled his desire to turn. Tr. Hrng., May 7, 1998, at 42-43. Appellee also testified that there was evidence that neither of the appellants involved in the accident were wearing their seatbelts. Id. at 43. The trial court determined that this evidence of comparative negligence was sufficient to demonstrate that appellee has a meritorious defense to appellants' claims. Judgment Entry, June 3, 1998, at 3.
In order to establish a meritorious defense the "* * * movant's burden is * * * to allege a meritorious defense, not to prove that he will prevail on that defense." Rose Chevrolet,Inc. v. Adams (1988), 36 Ohio St.3d 17, 20. Based upon this testimony, presented at the hearing on appellee's motion for relief from judgment, we find the trial court did not abuse its discretion when it determined appellee alleged a meritorious defense.
The second prong of the Argo test requires that the party be entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5). The trial court determined appellee was entitled to relief under Civ.R. 60(B)(1) which permits relief for inadvertence, mistake, or excusable neglect. Judgment Entry, June 3, 1998, at 4. The Ohio Supreme Court, in the case of Kay v. Marc Glassman, Inc. (1996), 76 Ohio St.3d 18, 20, defined "excusable neglect" as follows:
 The term 'excusable neglect' is an elusive concept which has been difficult to define and to apply. Nevertheless, we have previously defined 'excusable neglect' in the negative and have stated that the inaction of a defendant is not 'excusable neglect' if it can be labeled as a 'complete disregard for the judicial system.' Citations omitted.
The trial court determined that appellee's conduct did not represent a complete disregard for the judicial system. The trial court noted that appellee testified that he had never been involved in any legal proceedings. Tr. Hrng. May 7, 1998, at 46. Appellee testified that he called the Clerk of Courts upon receipt of the complaint and was told that he would receive a letter explaining what he should do. Affid. John Palmer, Jr. at 1. Appellee did not understand that he had to file a written response. Tr. Hrng. May 7, 1998, at 40. Appellee also testified that he called his insurance carrier, but Allstate never returned his phone calls. Id. at 40; 44-45. Appellant did not believe he had insurance coverage at the time of the accident and did not pursue this any further. Affid. John Palmer, Jr. at 2. Appellee testified that he consulted an attorney but he could not afford the fees the attorney was requesting. Tr. Hrng. May 7, 1998, at 39-40; 42; 43-44. Appellee therefore planned to represent himself and was waiting for notice of a hearing so that he could present his claim. Id.
at 41-42.
Based upon the above testimony, we find the trial court did not abuse its discretion when it found that appellee did not demonstrate a disregard for the legal system, but rather, in his own misguided way, attempting to proceed. In support of this conclusion, the trial court also noted that appellee testified very credibly that he intended to represent himself in this matter and was waiting for an opportunity to appear and do so. Judgment Entry, June 3, 1998, at 4.
The final requirement of Argo is that the motion for relief from judgment be made within a reasonable time. Appellee filed his motion for relief from judgment within thirty days of the filing of the final judgment entry. The trial court did not abuse its discretion in determining that appellee filed his motion within a "reasonable time".
Our review of the record establishes the trial court did not abuse its discretion when it found appellee met the requirement of Argo. The trial court properly granted appellee relief from judgment pursuant to Civ.R. 60(B)(1).
Appellants' assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
By: Wise, P. J., Farmer, J., concurs.
Hoffman, J., concurs separately.
--------------------
--------------------
 -------------------- JUDGES