Kathy Bryant appeals from the judgment of the Montgomery County Common Pleas Court overruling her motion for relief from judgment filed pursuant to Civ.R. 60(B).
This litigation began when Ms. Bryant filed a complaint in the common pleas court on March 27, 1998 against Jacqueline Williams asserting that Jacqueline Williams negligently operated her motor vehicle causing injury to her.
After Ms. Williams answered and denied liability, she moved for summary judgment on July 14, 1998. In support of her motion, Jacqueline provided an affidavit that she was not driving the vehicle that allegedly injured the plaintiff.
On July 31, 1998, the trial court notified counsel for the plaintiff that the matter would be submitted for decision on the defendant's summary judgment motion on August 14, 1998. On September 21, 1998, the trial court, noting that no response had been made to the defendant's motion, granted summary judgment to the defendant.
On September 28, 1998, Ms. Bryant moved for relief from that judgment pursuant to Civ.R. 60(B)(5). In support of her motion, plaintiff's counsel stated in a supporting memorandum:
 Plaintiff, Kathy Bryant, filed this action under the HB 350 filing against Defendant Jacqueline Williams, for injuries she sustained as a result of an automobile accident. Unbeknownst to the Plaintiff, Jacqueline Williams may not have been the driver as there existed no police report to confirm or deny the driver of the vehicle. Defendant filed her motion on July 31, 1998, in which this Court set a date for a filing deadline on August 4, 1998. Plaintiff, through the inadvertence of this legal counsel did not comply with the filing deadline for reasons including the numerous other filings of various pleading in federal and common pleas court.
In opposition to the motion, defendant's counsel stated that after reviewing the plaintiff's complaint, he obtained a copy of the police report of the automobile accident and the report listed the driver of one of the vehicles as Shara Williams, age 20, and the report listed the defendant as the owner of that vehicle.
In overruling the motion for relief from judgment, the trial court noted the plaintiff had not established a meritorious claim to present if relief were granted on her motion. The court noted the unrefuted evidence established the defendant was not driving the vehicle which caused the plaintiff's injuries and the defendant had not set forth facts establishing that defendant had negligently entrusted her vehicle to anyone else. The court also noted that "excusable neglect" as provided in Civ.R. 60(B)(1) had not been established by the defendant., Appellant lists two "issues" for resolution in this appeal, namely,
 DID THE COURT ERRED [SIC] BY DISMISSING THE CASE UNDER OHIO RULE OF CIVIL PROCEDURE 56 WHEN A GENUINE ISSUE OF MATERIAL FACTS REMAINS AS TO WHETHER THE EXCUSABLE NEGLECT IS PRESENT IN THIS ACTION. WHETHER THE PLAINTIFF'S COUNSEL `EXCUSABLE NEGLECT' FOR PURPOSES OF RELIEF HEREIN CONSTITUTES A WILLFUL ACT TO NEGATE THE ISSUE OF EXCUSABILITY.
The first "issue" appears to assert that the trial court improperly granted summary judgment to the defendant. That judgment, however, was not timely appealed and is not before us. In the second "issue" appellant argues her counsel's excusable neglect in not timely responding to the defendant's summary judgment motion should have been grounds for relief from the summary judgment.
To prevail upon a motion for relief from judgment pursuant to Rule 60(B), the movant must establish all of the following requirements:
 (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. (Emphasis ours)
Argo Plastics Products Co. v. City of Cleveland (1984), 15 Ohio St.3d 389,391.
In her motion, plaintiff did not assert that the defendant was operating the vehicle involved in her injuries nor did she assert that the defendant negligently entrusted her vehicle to the driver. The trial court appropriately found the plaintiff had not demonstrated that she had a meritorious claim to present if her motion were granted. The trial court also found that plaintiff had not established "excusable neglect" as provided in the rule. The police report of the accident was filed with the Dayton Police Department on June 6, 1996 nearly two years before suit was filed. There is no evidence that had counsel been more vigilant he could have provided any evidence to refute the defendant's summary judgment motion. The trial court properly denied the plaintiff's motion for relief from judgment. The assignments of error are both overruled.
The judgment of the trial court is Affirmed.
WOLFF, J., and FAIN, J., concur.
Copies mailed to:
Aaron G. Durden
Ray C. Freudiger
Hon. David Sunderland