On January 27, 1999, appellee, the law firm of Freeman 
Freeman, filed a complaint against appellant, Jerald Moon, and his brother, Richard Moon[1], in Norwalk Municipal Court, Small Claims Division, for $1,500 in unpaid legal bills. The matter was set for trial on February 18, 1999. Two days before the trial was to take place, appellant's attorney faxed a motion for a continuance to the trial court. On February 18, 1999, appellant and his attorney did not appear for trial. That same day, the trial court filed a judgment entry in which it denied appellant's motion for a continuance and granted appellee a default judgment in the amount of $1,500.
On March 3, 1999, appellant filed a motion for relief from the default judgment pursuant to Civ.R. 60(B) and a motion for a new trial pursuant to Civ.R. 59(A). Attached to appellant's Civ.R. 60(B) motion was appellant's own affidavit, in which he stated that on February 15, 1999, his attorney had spoken with a "court official" who "indicated that the matter would be continued" and that appellant's appearance on February 18, 1999 was unnecessary.
On April 1, 1999, a hearing was held on appellant's motions for relief from judgment and for a new trial; however, appellant did not present any testimony or other evidence on his own behalf at the hearing. On April 2, 1999, the trial court filed a judgment entry in which it denied both of appellant's motions. On April 23, 1999, a timely notice of appeal was filed.
On appeal appellant asserts that the trial court erred by denying his motions for relief from judgment and for a new trial. In support thereof, appellant argues that he is entitled to relief from the default judgment because his motion for a continuance was properly filed in the trial court, and he and his attorney were entitled to rely on the representations of court personnel that the motion would be granted.
It is well-established that "[a] motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed absent a showing of abuse of discretion." Griffey v. Rajan
(1987), 33 Ohio St.3d 75, 77. "The term `abuse of discretion' connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
The grounds for relief from a final judgment or order as set forth in Civ.R. 60(B) are:
 "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. * * *"
In order to succeed on a motion seeking relief from judgment pursuant to Civ.R. 60(B), a movant must demonstrate that:
 "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceedings was entered or taken." GTE Automatic Elec., Inc. v. ARC Indus., Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
Relief pursuant to Civ.R. 60(B) will be denied if the movant fails to adequately demonstrate any one of the three requirements set forth in GTE, supra. Argo Plastic Products Co. v. Cleveland
(1984), 15 Ohio St.3d 389, 391.
Pursuant to Civ.R. 59(A), a new trial may be granted on any of nine enumerated grounds, including:
 "(1) Irregularity in the proceedings of the court, jury, magistrate, or prevailing party, or any order of the court or magistrate, or abuse of discretion, by which an aggrieved party was prevented from having a fair trial;
"* * *
 "(3) Accident or surprise which ordinary prudence could not have guarded against * * *."
In addition, a new trial may be granted "in the sound discretion of the court for good cause shown." Id. A motion for a new trial "shall be served not later than fourteen days after the entry of the judgment." Civ.R. 59(B). The granting or denial of a motion for judgment notwithstanding the verdict or in the alternative new trial is committed to the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. Rohde v. Farmer (1970), 23 Ohio St.2d 82, 87.
In this case, it is undisputed that neither appellant nor his attorney contacted the court to determine whether the motion for a continuance had been granted. Appellant states that he and his attorney did not appear for trial on February 18, 1999, because they reasonably relied on information supplied by an unnamed court employee. However, that court employee apparently was not called to testify on appellant's behalf at the April 1, 1999 hearing. Finally, the record contains no transcript of either the February 1, 1999 trial or the April 1, 1999 hearing, and appellant has presented no admissible evidence to demonstrate a meritorious defense to appellee's claim that appellant owes appellee $1,500.
This court has reviewed the entire record that was before the trial court and, upon consideration thereof, finds that the record contains no evidence to demonstrate that appellant has a meritorious defense to appellee's claim, or that appellant is entitled to relief from the default judgment under any of the grounds stated in Civ.R. 60(B). Similarly, appellant has not demonstrated that he is entitled to relief under any of the grounds set forth in Civ.R. 59(A). Accordingly, the trial court did not abuse its discretion by denying appellant's motions for relief from judgment and for a new trial.
Appellant's assignment of error is not well-taken. The judgment of the Norwalk Municipal Court, Small Claims Division, is hereby affirmed. Court costs of these proceedings are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J.
 Melvin L. Resnick, J.
 Richard W. Knepper, J.
CONCUR.
[1] Richard Moon is not a party to this appeal.