OPINION
This is an accelerated calendar case submitted to this court on the briefs of the parties. Appellants, Roger L. Smith and his wife, LaDonna Smith, appeal a decision of the Ashtabula County Court of Common Pleas denying their motion for relief from judgment. The following facts are relevant to a determination of this appeal.
On May 21, 1992, appellee, The Board of Township Trustees of Geneva Township, Ohio, filed a complaint for injunction and for abatement of a nuisance against appellants, and other parties who have since been dismissed. The complaint stemmed from the fact that appellants, both semi-truck drivers, were parking their tractor-trailer rigs in their yard in Geneva Township, a residential area which has restrictions on such vehicles.
On April 20, 1994, the matter was convened in open court for the purpose of memorializing an agreement allegedly reached between the parties. On that day, LaDonna Smith was hospitalized and unable to attend the hearing. The Smiths were being represented by their attorney, Timothy Bojanowski. The attorneys for all parties represented to the court, in Roger Smith's presence, that an agreement had been reached but that Mrs. Smith had not signed it yet. The trial court judge stated that the entry itself would not be filed until everyone reviewed and signed the document.
On May 23, 1994, the judgment entry resolving the case was filed in the trial court. It did not, however, contain Mrs. Smith's signature. The entry provided, in part, that the Smiths would remove all commercial tractors and trailers from their premises, except for one tractor and one trailer.
No further action was taken in this case until nearly five years later when on February 2, 1999, a charge of contempt was filed in the trial court alleging that appellants were keeping more than one tractor and more than one trailer on their premises. On February 26, 1999, appellants filed a motion to vacate the May 23, 1994 judgment, and to dismiss the contempt charge. The motion to vacate the judgment, which was actually a motion for relief from judgment, was predicated on appellants' claim that their previous counsel, Timothy Bojanowski, had perpetrated a fraud upon the court. Specifically, they claimed that he did not have authority to settle the claim on behalf of Mrs. Smith and that she never agreed to the terms of the proposed settlement. The trial court conducted a hearing on April 22, 1999.
On September 19, 2000, the trial court denied appellants' motions to vacate the May 23, 1994 judgment and to dismiss the contempt charge. Additionally, the trial court found appellants in contempt of the May 23, 1994 judgment, and gave them an opportunity to purge themselves of contempt.
Appellants timely filed a notice of appeal. Subsequently, this court filed an entry indicating that a finding of contempt with an opportunity to purge the contempt is not a final appealable order and, thus, appellants were admonished not to submit any assignments of error regarding the finding of contempt.
Appellants have set forth one assignment of error. They contend that the trial court erred in failing to vacate its judgment entry of May 23, 1994. They argue that said judgment was obtained by fraud in that Mrs. Smith never agreed to the settlement as represented by her attorney.
Before addressing the merits of appellants' claim, we note that appellants' motion to vacate the May 23, 1994 judgment should have been captioned a motion for relief from judgment as appellants were seeking relief under Civ.R. 60(B)(5) which provides, "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: * * * (5) any other reason justifying relief from judgment."
The Supreme Court of Ohio has established the following standard for determining whether a motion for relief form judgment should be granted:
 "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
 Since the foregoing test is phrased in the conjunctive, the moving party must present operative facts satisfying all three prongs in order to prevail on his claim. Argo Plastic Products Co. v. Cleveland
(1984), 15 Ohio St.3d 389, 391. Additionally, the determination of a Civ.R. 60(B) motion is a matter within the sound discretion of the trial court. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77.
Fraud upon the court can be a proper basis for seeking relief from judgment under Civ.R. 60(B)(5), especially when an officer of the court, such as an attorney, actively participates in defrauding the court.Coulson v. Coulson (1983), 5 Ohio St.3d 12, 15; see, also, Gorby v.Gorby (Mar. 29, 1996), Trumbull App. No. 95-T-5298, unreported, at 8.
In the present case, however, appellants have failed to meet all of the prongs of the GTE Automatic Electric test. Specifically, it is clear that the motion was not made within a reasonable time. The judgment in question was filed on May 23, 1994. Appellant, Mr. Smith, attended the hearing of April 20, 1994, in which the agreed judgment was presented to the court. He also signed the document. It is undisputed that Mr. Smith agreed to the settlement.
Regarding Mrs. Smith, it is true that she did not attend the hearing or sign the agreement. However, it is clear that her husband attended and agreed to the settlement. It is also clear that Mrs. Smith admitted at the hearing on April 22, 1999, that she read the transcript of the 1994 hearing shortly after it occurred. Thus, she knew of the judgment entry, and knew that her husband signed it, knew that their attorney stated that all parties agreed to the terms of the judgment entry, and knew that the judgment entry had been submitted to the court by their attorney as a settlement of the matter. Mrs. Smith had this knowledge late in 1994. Additionally, a letter was sent to appellants in 1995, reminding them of their obligation. It must also be pointed out that none of the arguments made by Mrs. Smith are persuasive in setting forth a claim for Mr. Smith. He signed the original agreement and, thus, has no basis for a Civ.R. 60(B) claim.
Appellants' motion to vacate the May 23, 1994 judgment was not filed until February 26, 1999; more than four years after acquiring knowledge of all of the operative facts. Hence, the motion was not made within a reasonable time. Additionally, appellants have failed to demonstrate that they have a meritorious defense or claim to present if relief is granted. Thus, appellants have not met two of the three prongs of the GTEAutomatic Electric test.
Appellants raise a second issue within their assignment of error. They assert that the trial court exceeded its authority in granting an injunction where the zoning ordinance did not prohibit the parking of trucks and trailers in a residential area. From a review of the record, it is clear that appellants never appealed the decision of May 23, 1994. The issue now being raised is nothing more than an attempt to now argue the propriety of the original decision. The time for such argument is long past. Appeals must be filed within thirty days. App.R. 4(A). Accordingly, we will not address the merits of this argument.
Based upon the foregoing analysis, appellants' sole assignment of error is without merit.
The judgment of the trial court is hereby affirmed.
 ___________________________ WILLIAM M. O'NEILL PRESIDING JUDGE
FORD, J., GRENDELL, J., concur.