OPINION
This is an accelerated appeal taken from a final judgment of the Domestic Relations Division of the Portage County Court of Common Pleas. Appellant, Constance M. Cook, seeks reversal of the trial court's decision denying her motion for relief from judgment alleging that she received an approximately 8.5 acre deficiency as the result of a mutual mistake.
The parties to this appeal were married for approximately twenty-eight years and had no children. During the marriage, the parties resided on the Udall farm, which was owned by the family of appellee, William G. Cook. In 1973, Alma Cook, appellee's Mother, conveyed to him an undivided one-half interest in three parcels of real estate located in Hiram Township and containing therein approximately 154.153 acres. In 1984, she conveyed the other undivided one-half interest to appellant.
On September 17, 1997, appellant filed a complaint for divorce in the Portage County Court of Common Pleas, Domestic Relations Division. Prior to trial, appellant and appellee entered into an in-court property settlement, which was accepted by the magistrate. Pursuant to this oral agreement, appellant was to receive a parcel of land on the south side of State Route 305 ("SR 305") in Hiram Township, containing therein seventy four and one-half acres; appellee was to receive two parcels of land located on the north side of SR 305, containing approximately seventy-one acres and seven acres respectively.
On November 10, 1998, the trial court granted the parties a divorce on the basis of incompatibility. As part of its decree, the trial court ordered that "Constance M. Cook shall receive and William G. Cook shall quitclaim all his right, title and interest to Constance, Parcel #3, (containing 74.50 acres), as described in the deed attached hereto as Exhibit #2, subject to the right of first refusal for sale to be reserved in William G. Cook."[1]
Within a year following the entry of the final divorce decree, a dispute arose concerning the actual acreage conveyed to appellant. A property survey revealed that the actual acreage was 65.988 acres, not 74.50 acres, as noted on the deed. When the parties were unable to settle the dispute, appellant moved the trial court for relief from the division of property as ordered by the divorce decree, pursuant to Civ.R. 60(B). On December 6, 1999, a hearing was held on appellant's motion; no testimony or evidence was presented. On April 18, 2000, the trial court overruled appellant's motion for relief. In appealing from the foregoing judgment, appellant now assigns the following error:
 "[1.] The trial court erred when it denied the appellant's Civil Rule 60(B) motion for relief from an order dividing the property held by the appellant and appellee.
 "[2.] The trial court's decision overruling appellant's request for relief was not based upon the remedial purpose of Civil Rule 60(B) and the trial court made an arbitrary and unreasonable ruling because it did not apply the specific facts to the Ohio Supreme Court's three part test to determine whether the appellant had made a meritorious claim for relief."
 The crux of appellant's assignments of error is that the trial court abused its discretion in denying her motion for relief from judgment. Thus, appellant's assignments will be discussed together.
In asserting that her Civ.R. 60(B) motion should have been granted, appellant argues that prior to entering into the final divorce decree, both parties agreed that appellant would give up her rights in the 79.65 acres of land which included a residence, garage, barn, milk-house, and granary, in exchange for 74.5 acres of land; i.e., the parties specifically intended for appellant to receive exactly 74.5 acres. As such, appellant urges that the 8.512 acre deficiency was the result of a mutual mistake. Appellant contends that she has demonstrated the requirements set forth in GTE Automatic Electric Inc. v. ARC Industries,Inc., (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus, and, thus, is entitled to relief.
In response, appellee argues that appellant does not have a meritorious claim for relief and therefore does not meet one of the three requirements of GTE Automatic Electric Inc., supra. Specifically, appellee contends that the acreage mistake was not material or damaging to appellant and that the parties did not intend for the agreement to be a `50/50' split of the property; i.e., the parties intended to divide the land by parcels, not acreage. Appellee contends that the property was divided by parcels for convenience; the property is separated by S.R. 305. Further, the property was transferred to the parties by quitclaim deed and, thus, contained no warranties.
To prevail on a motion for relief from judgment brought under Civ.R. 60(B), the movant must demonstrate that: "(1) the party has a meritorious defense or claim if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken. GTE Automatic Electric Inc., supra, at paragraph two of the syllabus. The decision to grant or deny a motion for relief from judgment is within the sound discretion of the court and will not be reversed absent an abuse of discretion. See e.g., Griffey v. Rajan
(1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122, 1123. Abuse of discretion connotes more than an error of law or of judgment; rather, it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140, 1142. In interpreting Civ.R. 60(B), the Ohio Supreme Court has held that all three prongs of GTE Automatic Electric Inc. must be satisfied. Argo Plastic Prod. Co. v. Cleveland (1984), 15 Ohio St. 389,391, 474 N.E.2d 328.
Turning to the first prong of GTE Automatic Electric Inc., we conclude that the trial court's finding, that appellant failed to demonstrate a meritorious claim for relief, did not constitute an abuse of its discretion. In Irwin v. Irwin (Sept. 27, 1996), Lake County App. No 95-L-102, unreported, we previously stated that "the appellate courts in this state have concluded that relief from the divorce decree should be granted if the separation agreement is found to be invalid and unenforceable for any reason that any contract would be found void." Our review of the entire record indicates that the parties, both of whom were represented by counsel, intended to divide the property based on parcels not acreage. Thus, the separation agreement is valid and enforceable.All references to the property were made in terms of the parcel number, not acreage. The property was transferred to appellant from his mother by quitclaim deed in which the acreage was qualified by the language: "more or less." The appellee's deed to the property from his mother, Alma Udall Cook, which is contained in the file, but is not attached to the judgment entry, states that the property in question contains 74.50 acres, more or less.
Even appellant's counsel, during his presentation of the parties' agreement to the court, referred to the property in terms of parcels and was imprecise regarding the acreage each party was to receive. In his recitation of the parties' agreement, he stated that the appellant was to receive the 74.5 acre parcel on the south side of Route 305 and that the appellee was to receive two parcels. In describing these two parcels, he was unable to state the precise acreage of the first parcel and stated that he "thought" the second parcel was 71.9 acres. Additionally, the judgment entry, based on the parties' agreement, states that appellant shall receive by quitclaim deed "Parcel # 3, (containing 74.50 acres), as described in the deed attached hereto as Exhibit #2 ***." As noted,supra, appellee's deed to Parcel 3 stated that it contained 74.50 acres of land, more or less. Appellee did, in fact, transfer by quitclaim deed that parcel of land "containing 74.50 acres of land, more or less" to appellant.
The parties did not stipulate to a monetary value of the divided parcels of land. On October 6, 1997, the court ordered that Jack Kohl appraise the marital real property located at 7191 SR 305, Hiram, Ohio. This property consisted of three parcels of real estate and contained approximately 154.153 acres. On September 10, 1998, appellant filed her pretrial statement and affidavit, which listed the value of the entire marital real property as $600,000, based on Jack Kohl's appraisal. In appellee's pretrial statement and affidavit, filed on October 10, 1998, he listed the value of the same property at $440,800, but provided no basis for that value. The only survey conducted was in September 1999, of Parcel No. 3.
Subsequent to the survey, appellant sold her parcel. The contract for the sale stated that the buyer agrees to pay $369,934 for the premises, in cash, at closing, as therein provided. The premises were described as containing 65.988 acres of land, more or less. Appellant argues that she contracted to sell the real estate for $5,500 per acre subject to survey and that the mistake in the acreage resulted in "a decrease of approximately $46,750.00 in the net proceeds." Regardless, appellant still received a payment in excess of half of the entire marital real property's appraised value of $600,000.
Despite the mutual mistake regarding acreage, we conclude that the separation agreement accurately represents the intention of the parties to convey Parcel No. 3 to appellant and that appellant actually received more than half of the appraised value of the entire marital real property. We conclude that the trial court did not abuse its discretion in finding that the intention of the parties, as presented to the court by them, was carried out, thus, determining that the separation agreement was valid and enforceable. Appellant has failed to present a meritorious claim for relief from judgment.
We note that while Civ.R. 60(B) does not require that the court conduct an evidentiary hearing, such a hearing was scheduled. Review of the record shows that a hearing was held on December 6, 1999. At the commencement of the hearing, appellant's counsel asked for an extension of time to respond to appellee's brief in opposition, which was granted. Neither party offered testimony or evidence. Neither party asked for the opportunity to present evidence or to continue the evidentiary hearing until a later date. As such, we conclude that the parties have waived any argument that the trial court erred in failing to conduct an evidentiary hearing.
Turning to the second prong of GTE Automatic Electric Inc., appellant asserts that she is entitled to relief as a result of mutual mistake as to the precise acreage of Parcel 3. While Civ.R. 60(B)(1) permits a court to relieve a party from a mistake, the trial court's failure to grant appellant's motion based on the parties' alleged mutual mistake, which resulted in appellant receiving approximately 8.5 acres less than she expected, did not constitute an abuse of discretion. In making its decision, the trial court determined that: the parties agreed to a fair and equitable property settlement; appellant received the property that she expected, although not as much acreage as spelled out in the agreement; and, appellant received more money from the sale of the property than she expected.
As noted, supra, the separation agreement accurately represents the intention of the parties to divide the property by parcel, not acreage. The record is silent as to any argument that the settlement agreement is unfair. Appellant received what she bargained for, though perhaps not more than she bargained for. Thus, appellant has failed to meet the second prong of GTE Automatic Electric, Inc.
It is undisputed that the third prong of GTE Automatic Electric, Inc. was met.
Based on the foregoing analysis, we conclude that the trial court's decision was not unreasonable, arbitrary or unconscionable; appellant's assignments of error lack merit. The judgment of the trial court is affirmed.
 ____________________________ JUDGE ROBERT A. NADER
FORD, P.J., GRENDELL, J., concur.
[1] The deed is not attached to the judgment entry. The original deed, whereby Alma Udall Cook conveyed an undivided one half-interest to appellant in the three parcels located in Hiram Township, described Parcel No. 3 as "containing 74.50 acres of land, more or less, but subject to all legal highways."