DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Wood County Court of Common Pleas, in which the trial court denied a motion filed by appellants, Robert and Norma Ramsey, pursuant to Civ.R. 60(B).
On appeal, appellants set forth the following as their sole assignment of error:
"Assignment of Error I
"The trial court erred to the prejudice of the plaintiffs when it denied the plaintiffs' motion for relief from judgment."
On April 3, 1998, appellants' son, Robert Ramsey, was injured in an automobile accident. In February 1999, the Ramseys settled their claims against the tortfeasor, Amanda Nungester, and her automobile insurance carrier, American International South Insurance Company. On December 19, 2000, the Ramseys filed a complaint in the Wood County Court of Common Pleas, in which they sought a declaration that they were entitled to uninsured/underinsured motorist ("UM/UIM") coverage from Michigan Millers Insurance Company ("Michigan Millers"), which insured appellant Robert Ramsey's employer, Mid-Wood, Inc. Appellants alleged that they were entitled to such coverage pursuant to Scott-Pontzer v. Liberty MutualFire Ins. Co. (1999), 85 Ohio St.3d 660.
On October 19, 2001, Michigan Millers filed a motion for summary judgment. Michigan Millers argued in support of its motion that it was entitled to judgment as a matter of law because the Ramseys destroyed its right of subrogation by entering into a release and settlement agreement with the tortfeasor, without notifying Michigan Millers of the settlement. Michigan Millers also asserted that appellants failed to give timely notice of their claim for UM/UIM coverage, as required by the terms of the insurance policy.
On October 24, 2001, the Ramseys filed a notice of deposition in which they asked Michigan Millers to designate an employee to be deposed at the office of the Ramseys' attorneys, in Toledo, Ohio. In response to the Ramseys' request, Michigan Millers designated Donna Bramble, a claims adjuster who lived and worked in Grand Rapids, Michigan. On November 13, 2001, December 18, 2001, and January 10, 2002, respectively, the Ramseys asked for, and were granted, extensions of time in which to respond to Michigan Millers' motion for summary judgment.
On January 17, 2002, Michigan Millers filed a motion for a protective order, in which it asked the trial court to find that Bramble's deposition could only take place in Grand Rapids, Michigan. The Ramseys filed a reply to the motion for a protective order on January 18, 2002, and on January 30, 2002, they filed a fourth request for an extension of time to respond to the motion for summary judgment.
On February 1, 2002, the trial court granted the motion for a protective order and extended the time for the Ramseys to file their response to the summary judgment motion until February 28, 2002. The Ramseys did not file a response to the motion for summary judgment and did not make arrangements to take Bramble's deposition.
On March 6, 2002, the trial court granted Michigan Millers' motion for summary judgment on the basis that the Ramseys did not give Michigan Millers prompt notice of the claim for UM/UIM coverage and "did not afford Defendant Michigan Millers prior notice of settlement with the tortfeasor." Accordingly, the trial court dismissed the Ramseys' claim for UM/UIM coverage. No appeal was taken from that judgment.
On August 9, 2002, the Ramseys filed a motion for relief from the trial court's judgment pursuant to Civ.R. 60(B). In support thereof, the Ramseys asserted that they did not take Bramble's deposition, or file a response to the motion for summary judgment, because they did not receive notice that either the protective order or the January 30, 2002 request for an extension of time had been granted. Accordingly, the Ramseys argued that their failure to respond to the motion for summary judgment constituted excusable neglect pursuant to Civ.R. 60(B)(1), because they were not made aware that the trial court had granted them an extension until after the filing deadline had passed.
On September 24, 2002, Michigan Millers filed a response, in which it asserted that the Ramseys' Civ.R.60(B) motion was untimely, because the motion was not filed until over five months after the motion for summary judgment was granted. On September 26, 2002, the Ramseys filed a reply, in which they asserted that the Civ.R. 60(B) motion was not filed until August because it took their attorneys "several months" to verify that notification of the trial court's orders had not been received. The Ramseys also asserted that the motion was delayed because one of their attorneys suffered the loss of his grandmother in March 2002, and his mother in May 2002.
On October 23, 2002, the trial court filed a judgment entry in which it found that, in the absence of notification that their final request for an extension of time was granted, the Ramseys should have assumed that their response was due on January 31, 2002. The court also noted that the Ramseys had two attorneys of record in this case and no excuse was offered as to why co-counsel could not have filed the motion pursuant to Civ.R. 60(B) at an earlier time. In addition, the court noted that the Ramseys' attorneys were aware as early as March 7, 2002, that the motion for summary judgment had been granted; however, the motion for relief from judgment was not filed until August 9, 2002. Accordingly, the trial court denied the Ramseys' motion for relief from judgment because: (1) the Ramseys had not established that their failure to respond to the summary judgment motion was due to excusable neglect; and (2) the motion was untimely filed. A timely notice of appeal was filed on November 20, 2002.
On appeal, the Ramseys argue that the trial court abused its discretion by denying their motion for relief from judgment for two reasons. First, they argue that although their failure to file a response to the motion for summary judgment constitutes neglect, such neglect is excusable because they did not receive notification of the trial court's decisions on the protective order and the motion for an extension of time until after the summary judgment motion had been granted. Second, the Ramseys assert that the motion for relief from judgment was timely filed. In support thereof, they argue that the record contains affidavits, in which their attorneys state that it took "four months to go through the 700 plus files and ascertain that [counsel] had not received any of the orders which were made by the court which impacted the motion for summary judgment." The Ramseys also argue that the trial court ignored their assertion that the motion was not filed until August because one of their attorneys had "other time commitments" due to two deaths in his immediate family.
It is well-established that "[a] motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed absent a showing of abuse of discretion." Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77. "The term `abuse of discretion' connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
The grounds for relief from a final judgment or order as set forth in Civ.R. 60(B) are:
"(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. * * *"
In order to succeed on a motion seeking relief form judgment pursuant to Civ.R. 60(B), a movant must demonstrate that:
"(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec., Inc. v. ARCIndus., Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
Relief pursuant to Civ.R. 60(B) will be denied if the movant fails to adequately demonstrate any one of the three requirements set forth inGTE, supra. Argo Plastic Products Co. v. Cleveland (1984),15 Ohio St.3d 389, 391.
The Ramseys claim they are entitled to relief from the trial court's judgment due to excusable neglect, pursuant to Civ.R.60(B)(1). However, we agree with the trial court that, in the absence of confirmation that the request for an extension of time was granted, their response to the motion for summary judgment should have been filed by January 31, 2002. Not only did the Ramseys not respond by that date, they did not inquire as to whether the extension had been granted, nor did they ask for another extension of time. In addition, the record shows that the Ramseys' attorneys did not attempt to find out if the motion for a protective order was granted, so that Bramble's deposition could be scheduled.
As to whether the motion for relief from judgment was timely filed, it is well-settled that a motion for relief pursuant to Civ.R.60(B)(1) must be made "within a reasonable time," or, at the latest, within one year after the judgment. However, "[w]hile a party may have a possible right to file a motion to vacate a judgment up to one year after the entry of judgment, the motion is also subject to the `reasonable time' provision."Adomeit v. Baltimore (1974), 39 Ohio App.2d 97, 106.
The Ramseys admit they knew as early as March 7, 2002, that the summary judgment motion had been granted. Instead of filing a motion for relief from judgment immediately, the Ramseys' attorneys waited for more than five months while they conducted an extensive file-by-file search to prove something they already knew, i.e., that they never received notification that the trial court granted the motion for a protective order, or that the trial court granted their request for an extension of time. In addition, even though one of the Ramseys' attorneys suffered two deaths in his immediate family, no reason is given as to why the other attorney could not have filed the Civ.R. 60(B) motion earlier than August 9, 2002.
This court has considered the entire record of these proceedings and, upon consideration thereof and the law, finds that the Ramseys have not established that their failure to file a response to Michigan Millers' motion for summary judgment was due to excusable neglect, or that their motion for relief from judgment pursuant to Civ.R. 60(B)(1) was filed within a "reasonable time." Because the Ramseys have failed to meet the second and third requirements for the granting of a Civ.R. 60(B) motion as set forth in GTE Automatic Elec., Inc., supra, we need not address the issue of whether they have a meritorious claim or defense to present if relief is granted. Argo Plastic Products Co., supra.
The trial court did not abuse its discretion when it denied the Ramseys' motion for relief from judgment pursuant to Civ.R. 60(B). Appellant's assignment of error is not well-taken. The judgment of the Wood County Court of Common Pleas is affirmed. Court costs of these proceedings are assessed to appellants.
 JUDGMENT AFFIRMED.
Richard W. Knepper, J., Mark L. Pietrykowski, J., and Judith Ann Lanzinger, J. CONCUR.