OPINION *Page 2 
{¶ 1} Defendant-appellant Peter Lucak appeals the October 18, 2007 Judgment Entry of the Stark County Court of Common Pleas denying his Civil Rule 60(B) motion for relief from judgment. Plaintiff-appellee is Wooster Sheet Metal and Roofing Co.
 STATEMENT OF THE CASE {¶ 2} On June 4, 2007, Appellee Wooster Sheet Metal and Roofing Co. filed a complaint in the Stark County Court of Common Pleas against Appellant Peter Lucak and Helen Lucak alleging breach of contract.
 {¶ 3} On November 15, 2006, the parties entered into a business transaction whereby Appellee would install a new roof on a commercial building owned by Peter and Helen Lucak. The price of the roofing installation was $139,980.00. The parties agreed to progress billing commencing on December 24, 2006. Appellant made a $50,000.00 down payment.
 {¶ 4} Appellee submitted a statement for the progress payment to Appellant on November 30, 2006. A second progress payment statement was sent to Appellant on December 31, 2006. Appellant did not make any payments upon receipt of the statements. On January 5, 2007, Appellee notified Appellant it would cease working on the project, if the progress payments were not made by January 10, 2007. Appellant failed to make the required payments.
 {¶ 5} The commercial property was the subject of a divorce action between Peter and Helen Lucak.
 {¶ 6} Appellant underwent open heart surgery on June 4, 2007, in Florida. He received the summons and certified complaint via ordinary mail on June 15, 2007. *Page 3 
Appellant contacted a lawyer in Canton, Ohio on July 5, 2007, and was told the attorney could only represent Helen Lucak in the within action. Appellant then contacted a Florida attorney on July 19, 2007.
 {¶ 7} Service was perfected on June 11, 2007 upon Helen Lucak.
 {¶ 8} On July 9, 2007, Helen Lucak filed an answer. On July 31, 2007, Appellee dismissed Helen Lucak as a party without prejudice.
 {¶ 9} On July 30, 2007, Appellee moved for default judgment against Appellant Peter Lucak.
 {¶ 10} The trial court entered default judgment in favor of Appellee agasint Appellant on July 31, 2007.
 {¶ 11} Appellant asserts he first received the motion for and notice of default judgment upon his return to Ohio on August 1, 2007. He then contacted an attorney in Canton, Ohio on September 11, 2007.
 {¶ 12} On September 20, 2007, Appellant filed a Civil Rule 60(B) motion for relief from judgment, with accompanying affidavits. Appellant attached the affidavit of John Fenton, a professional engineer in the State of Ohio, stating he inspected the premises and opining the amount of work performed was substantially less than indicated on the billing statements. Fenton further opined the work performed was not in compliance with the terms of the original contract.
 {¶ 13} The trial court conducted a non-oral hearing on Appellant's Civil Rule 60(B) motion on October 18, 2007. Via Judgment Entry of October 18, 2007, the trial court denied Appellant's motion for relief from judgment.
 {¶ 14} Appellant now appeals, assigning as sole error: *Page 4 
 {¶ 15} "I. THE TRIAL COURT ERRED IN ITS FINDING THAT APPELLANT HAD NOT MET THE APPROPRIATE REQUIREMENTS TO SUPPORT ITS MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO OHIO CIVIL RULE 60(B) AND SAID FINDING WAS CONTRARY TO THE TOTAL WEIGHT OF THE EVIDENCE AND CONSTITUTED AN ABUSE OF DISCRETION."
 {¶ 16} Ohio Civ. R. 60(B) reads:
 {¶ 17} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation."
 {¶ 18} In order to prevail on a motion brought pursuant to Civ. R. 60(B), "* * * the movant must demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable *Page 5 
time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceedings was entered or taken." Argo Plastic Products Co. v. Cleveland (1984),15 Ohio St.3d 389, 391, 474 N.E.2d 328, citing GTE Automatic Electric v.ARC Industries (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. If any prong of this requirement is not satisfied, relief shall be denied. Argo at 391, 474 N.E.2d 328.
 {¶ 19} Civ. R. 60(B) represents an attempt to "strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done." Colley v. Bazell (1980),64 Ohio St.2d 243, 248, 416 N.E.2d 605 (citation omitted). A motion for relief from judgment under Civ. R. 60(B) is addressed to the sound discretion of the trial court and a ruling will not be disturbed absent an abuse of discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77,514 N.E.2d 1122. An abuse of discretion connotes more than an error of law or judgment; it implies the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
 {¶ 20} Appellant was aware Helen Lucak's attorney would not be filing an answer on his behalf on July 5, 2007. Appellant waited until July 19, 2007 to contact a Florida attorney to represent him in the within matter, after his answer to the complaint was due to be filed. Based upon the above, we do not find the trial court abused its discretion in overruling Appellant's Civil Rule 60(B) motion. *Page 6 
 {¶ 21} The October 18, 2007 Judgment Entry of the Stark County Court of Common Pleas is affirmed.
By: Hoffman, P.J., Gwin, J. and Delaney, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the October 18, 2007 Judgment Entry of the Stark County Court of Common Pleas is affirmed. Costs assessed to Appellant. *Page 1