OPINION
Appellants Patrick and Martha Quinn appeal the decision of the Court of Common Pleas, Knox County, which denied their motion for relief from judgment pertaining to a real estate transaction dispute. Appellee Barbara Fry was the seller of the property at issue. The relevant facts leading to this appeal are as follows.
On July 10, 1998, Appellants Patrick and Martha Quinn closed on a purchase of real property from Appellee Fry on Old Delaware Road in Mt. Vernon, Ohio. Shortly thereafter, on July 20, 1998, the Clinton Township Water and Sewer District adopted a resolution of necessity for construction of sanitary sewer and water improvements, which included a mandatory assessment fee on the property purchased by appellants.
On June 8, 1999, appellants filed a complaint against appellee and her real estate agent and agency, as well as their own real estate agent and agency. Appellants therein alleged that the foregoing individuals and entities had actual and/or constructive knowledge of the pending assessment, and thereby intentionally and purposefully failed to disclose such. However, via an entry filed March 29, 2000, all of appellants' claims were denied on summary judgment. On appeal, we affirmed the decision of the trial court. See Quinn v. Fry (June 25, 2001), Knox App. No. 00CA20, unreported ("Quinn 1").
On October 31, 2001, appellants filed a "motion to set aside," citing Civ.R. 60(B). Appellants therein alleged, based on information obtained from one of appellee's neighbors, that appellee was not only aware of the pending sewer and water assessments prior to June 10, 1998, but that appellee was attempting during that period to sell her property in time to avoid being assessed. Appellants submitted with their motion an affidavit from the aforesaid neighbor, Nola Bell. Appellants thus contended that relief from judgment was warranted based on appellee's alleged misrepresentations during the case.
On January 16, 2002, the trial court issued a final judgment entry denying appellant's motion for relief from judgment. The court's entry incorporates the following in pertinent part:
 2. Plaintiffs have not designated a specific subsection of Rule 60 (B) in their request for relief,
 3. Plaintiff's motion falls under subsection (2) in that they are attempting to bring forward newly discovered evidence, and
 4. The newly discovered evidence could have been discovered with due diligence at the time the Court considered the dispositive motion in this case, and it is ORDERED the Motion Of Plaintiff's To Set Aside Entry Granting Defendant Barbara Fry's Motion for Summary Judgment is denied, costs to Plaintiffs.
Appellants timely appealed the denial of their motion, and herein raise the following sole Assignment of Error:
 I. THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFFS-APPELLANTS WHEN THE COURT DENIED THEIR MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(B) OF THE OHIO RULES OF CIVIL PROCEDURE AS THE EVIDENCE SUPPORTED A FINDING OF MISREPRESENTATION BY AN ADVERSE PARTY AND FRAUD.
 I
In their sole Assignment of Error, appellants argue that the trial court erred in denying their motion for relief from judgment. We disagree.
A motion for relief from judgment is addressed to the sound discretion of the trial court and a ruling will not be disturbed absent an abuse of discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77. An abuse of discretion connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.In re Jane Doe One (1991), 57 Ohio St.3d 135, 137. In order to prevail on a motion brought pursuant to Civ.R. 60(B), "* * * the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceedings was entered or taken." Argo PlasticProducts Co. v. Cleveland (1984), 15 Ohio St.3d 389, 391, citing GTEAutomatic Electric v. ARC Industries (1985), 47 Ohio St.2d 146, paragraph two of the syllabus. If any prong of this requirement is not satisfied, relief shall be denied. Argo at 391. "If the material submitted by the movant in support of a motion for relief from judgment contains no operative facts or meager and limited facts and conclusion of law, it will not be an abuse of discretion for the trial court to overrule the motion and refuse to grant a hearing." Adomeit v. Baltimore (1974),39 Ohio App.2d 97. It is based upon these standards that we review appellants' sole Assignment of Error.
In Quinn 1, we wrote:
 Appellee Fry was the seller of the subject property. It was not her personal residence but a rental property. It is undisputed she first learned of the sanitary sewer assessment when she received certified letters dated July 21, 1998 informing her of such. Fry depo. at 8. This was after the sale and closing on the property. Id. at 36-37. Prior to the letters being sent, appellee Fry only had knowledge of Phase I being installed in another area "down the road and over a ways." Id. at 10. * * *. Appellee Fry's denial of any knowledge of the assessment is basically unchallenged. We find the trial court did not err in finding no actual and/or constructive knowledge as to appellee Fry.
Id. at 6.
In contrast, Nora Bell's present affidavit[1] states appellee "prior to July 10, 1998, represented to me that she was personally in favor of the Clinton Township Water and Sewer project and water and sewer becoming available at her residence," and "prior to July 10, 1998, represented to me that she wanted to sell her house at 1717 Old Delaware Road prior to the water and sewer assessment because she did not want to pay for the assessment on that house." The Bell affidavit thus adds plausibility to appellants' theory that appellee engaged in some degree of misrepresentation during the earlier summary judgment stage of the case. See Civ.R. 60(B)(3). However, our analysis does not stop there. As recited hereinbefore, under the first prong of the GTE test, it was incumbent upon appellants to demonstrate to the trial court that they had a meritorious defense or claim to present if relief were to be granted.Argo, supra. Certainly, Civ.R. 60(B) only requires a party to allege a meritorious defense, it does not have to prove that it will prevail on that defense. See Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 20. Likewise, a trial court must hold an evidentiary hearing when the motion and supporting evidence contain sufficient allegations of operative facts which would support a meritorious defense to the judgment. Urban v. Urban (July 23, 2001), Stark App. No. 2001CA00010, unreported, citing BancOhio National Bank v. Schiesswohl (1988),51 Ohio App.3d 130.
However, to support a meritorious defense to the original summary judgment claim, appellants must at minimum demonstrate that a duty existed on the part of appellee to notify potential buyers of the pending sewer assessment. In order to prove fraud, each of the following elements must be established: "* * * (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance." Russ v. TRW, Inc. (1991), 59 Ohio St.3d 42, 49
(citation omitted). As appellee aptly noted in her original summary judgment motion, appellants have provided no statute or other authority which requires disclosure of a merely contemplated sewer assessment. Even assuming the sewer and water addition to the property would be detrimental to its value, we are mindful of the following guidance by the Ohio Supreme Court: "The doctrine of caveat emptor is one of long standing. Since problems of varying degrees are to be found in most dwellings and buildings, the doctrine performs a function in the real estate marketplace. Without the doctrine nearly every sale would invite litigation instituted by a disappointed buyer. Accordingly, we are not disposed to abolish the doctrine of caveat emptor. A seller of realty is not obligated to reveal all that he or she knows. A duty falls upon the purchaser to make inquiry and examination." Layman v. Binns (1988),35 Ohio St.3d at 176, 177, 519 N.E.2d 642.
Therefore, having found that appellants failed to satisfy at least one prong of the requirements of GTE, supra, we do not conclude that the trial court abused its discretion in denying Civ.R. 60(B) relief, even though the trial court cited different grounds for its decision.
Appellants' sole Assignment of Error is overruled.
For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Knox County, Ohio, is hereby affirmed.
By: WISE, J. EDWARDS, P.J., and BOGGINS, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Knox County, Ohio, is affirmed.
Costs to appellants.
[1] On November 19, 2001, appellants supplemented their motion with an affidavit from Patrick Quinn, who averred that Bell gave him her recount of events sometime in the summer of 2001.