OPINION *Page 2 
{¶ 1} Appellant Gladys L. King, nka Gladys L. Jewell, appeals from the denial of her motion for relief from judgment in the Perry County Court of Common Pleas, Domestic Relations Division. Appellee Donald E. King is appellant's former spouse. The relevant facts leading to this appeal are as follows.
 {¶ 2} Appellant and appellee were married on October 3, 1998 in Newark, Ohio. On August 29, 2003, appellant filed a complaint for divorce in the Perry County Court of Common Pleas, Domestic Relations Division. On August 10, 2004, the court approved an agreed judgment entry/decree of divorce. Pursuant to said decree, the parties agreed to an in-kind division of their marital property.
 {¶ 3} From approximately August 3, 2003 until August 18, 2005, appellee had been living by himself in the former marital residence in Somerset, Ohio. However, on August 18, 2005, a fire destroyed the residence and the personal property located therein. Pursuant to paragraph 13 of the agreed divorce decree, appellant was supposed to have come to the residence to pick up her items and vehicles on July 7, 2004 and July 14, 2004. Appellant nonetheless did not retrieve her portion of the marital property following the divorce, prior to the fire.
 {¶ 4} On June 9, 2006, appellant filed a motion for relief from judgment, citing Civ.R. 60(B)(3) and (5), asserting that appellee had "created a pattern of misconduct which led to the destruction of Plaintiffs property." The matter was referred to a magistrate, who conducted a hearing on August 25, 2006. The magistrate issued a decision on October 10, 2006, denying the motion for relief from judgment. Appellant *Page 3 
thereupon filed an objection pursuant to Civ.R. 53; however, on December 26, 2006, the trial court issued a judgment entry overruling said objection.
 {¶ 5} On January 22, 2007, appellant filed a notice of appeal. She herein raises the following sole Assignment of Error:
 {¶ 6} "I. THE COURT ERRORED (SIC) WHEN IT DENIED APPELLANTS (SIC) MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO OHIO CIVIL RULES 60(B)(3)(5) FILED ON JUNE 9, 2006 WHICH CREATED A MODIFICATION OF THE PROPERTY DIVISION CONTAINED WITHIN THE PARTIES (SIC) AGREED JUDGMENT ENTRY DECREE OF DIVORCE FILED ON AUGUST 10, 2004."
 I. {¶ 7} In her sole Assignment of Error, appellant contends the trial court erred in denying her motion for relief from judgment under Civ.R. 60(B)(3) and (5). We disagree.
 {¶ 8} Civ.R. 60(B) reads as follows: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:
 {¶ 9} "(1) mistake, inadvertence, surprise or excusable neglect;
 {¶ 10} "(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B);
 {¶ 11} "(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party;
 {¶ 12} "(4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or *Page 4 
 {¶ 13} "(5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. * * *."
 {¶ 14} In order to prevail on a motion brought pursuant to Civ.R. 60(B), "* * * the movant must demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceedings was entered or taken." Argo Plastic Products Co. v. Cleveland (1984),15 Ohio St.3d 389, 391, 474 N.E.2d 328, citing GTE Automatic Electric v.ARC Industries (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. If any prong of this requirement is not satisfied, relief shall be denied. Argo at 391, 474 N.E.2d 328.
 {¶ 15} Civ.R. 60(B) represents an attempt to "strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done." Colley v. Bazell (1980),64 Ohio St.2d 243, 248, 416 N.E.2d 605 (citation omitted). A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court and a ruling will not be disturbed absent an abuse of discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77,514 N.E.2d 1122. An abuse of discretion connotes more than an error of law or judgment, it implies the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140. *Page 5 
 {¶ 16} Appellant's motion for relief from judgment was an attempt by appellant to seek compensation for the destroyed property to which she had been entitled under the divorce decree.[1] However, the gist of appellant's said motion was that she had been unsuccessful in obtaining her property out of the former marital residence, despite "numerous attempts." See Appellant's Brief at 8.
 {¶ 17} We find the trial court acted within its discretion in concluding that appellant's motion for relief from judgment fell only under Civ.R. 60(B)(3), based on the alleged misconduct by appellee regarding access to appellant's marital property portion. As such, the court correctly held that the motion would be outside of the one-year time limit of GTE, supra. Furthermore, Ohio law makes clear that Civ.R. 60(B)(5) should not be used as a substitute for any of the other more specific provisions of Civ.R. 60(B). Caruso-Ciresi, Inc. v. Lohman
(1983), 5 Ohio St.3d 64, 448 N.E.2d 1365, paragraph one of the syllabus. Therefore, under these circumstances, the trial court also properly found that appellant would not be able to take advantage of the "catch all" provision of Civ.R. 60(B)(5). *Page 6 
 {¶ 18} Accordingly, we hold the trial court did not commit reversible error in denying appellant's Civ.R. 60(B) motion. Appellant's sole Assignment of Error is overruled.
 {¶ 19} For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, Perry County, Ohio, is hereby affirmed.
 Wise, J. Hoffman, P. J., and Edwards, J., concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Perry County, Ohio, is affirmed.
Costs assessed to Appellant.
[1] We note the parties have already split a $80,500 insurance check for the value of the house; the insurance proceeds remaining at issue are a $21,803.65 check for contents and a $2,154.04 for living expenses. *Page 1