[Cite as *Hooper v. Hooper*, 2017-Ohio-1297.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| JAMES HOOPER | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellant | : | Hon. John W. Wise, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | Case No. 16CA51 |
| | : | |
| WYNEA HOOPER NKA SUNNEE EDWARDS | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING: Appeal from the Richland County Court of Common Pleas, Domestic Relations Division, Case No. 2005 DIV 0950

JUDGMENT: AFFIRMED

DATE OF JUDGMENT ENTRY: April 6, 2017

APPEARANCES:

For Plaintiff-Appellant:

BYRON CORLEY
22 North Walnut
Mansfield, OH 44902

For Defendant-Appellee:

ANDREW J. MEDWID
13 Park Ave. West, Suite 501
Mansfield, OH 44902

*Delaney, P.J.*

{¶1}   Plaintiff-Appellant James Hooper appeals the July 1, 2016 judgment entry of the Richland County Court of Common Pleas, Domestic Relations Division.

### FACTS AND PROCEDURAL HISTORY

{¶2}   Plaintiff-Appellant James Hooper ("Father") and Defendant-Appellee Wynea Hooper nka Sunnee Edwards ("Mother") were married and had two children as issue of the marriage. The parties divorced. At the time of the issues raised in this matter, one child was under the age of 18. Mother was the residential parent of the child and Father was obligated to pay child support.

{¶3}   Mother and Father came before the magistrate of the Richland County Court of Common Pleas, Domestic Relations Division because Mother objected to an administrative child support modification recommendation by the Richland County Child Support Enforcement Agency. The magistrate held a hearing on December 15, 2015. Mother was not represented by counsel at the hearing. On December 15, 2015 and as journalized in the magistrate's January 7, 2016 decision, Mother and Father agreed to a monthly child support obligation by Father in the amount of $517.65 per month.

{¶4}   The parties, however, could not agree as to the allocation of the tax dependency exemption and credit for the child. The magistrate's decision noted Mother testified she had earned income from her employment in 2015 before she lost her job. According to the magistrate's decision, Mother was unwilling or unable to state the amount of income she earned in 2015. The magistrate found Mother's answers to be vague and evasive. In the decision, the magistrate considered Father's annualized income of $40,183.75 and Mother's annualized income from unemployment

compensation in the amount of $5,798.00. The magistrate determined that because Mother's taxable income was so low, an award of the tax exemption to Mother would be wasted. The magistrate awarded the tax exemption to Father.

{¶5} Mother filed an objection to the magistrate's decision on January 21, 2016. She argued she should have received the income tax exemption for the child. Mother contended she had taxable income for 2015, but was currently unemployed. In support of her objection, Mother attached a paystub showing her year to date salary as of July 31, 2015 was $14,724.00. Father did not respond to Mother's objection to the magistrate's decision.

{¶6} On March 2, 2016, the trial court journalized the parties' agreement to modify the child support. Attached to the entry was the child support computation worksheet.

{¶7} Father filed a motion for relief from judgment pursuant to Civ.R. 60(B)(5) on March 7, 2016. In the motion, Father argued Mother committed a fraud on the court by her failure to disclose her correct gross income for child support computation purposes. Father used Mother's July 31, 2015 paystub to demonstrate Mother intentionally omitted $14,724.00 of her gross income.

{¶8} Mother opposed the motion.

{¶9} On July 1, 2016, the trial court overruled Father's motion for relief from judgment. The trial court discussed that a child support modification speaks as of the date of the modification hearing. On December 15, 2015, there was no dispute Mother was unemployed and receiving unemployment compensation in the amount of $5,798.00 per year. Father and Mother reached an agreement as to the amount of Father's child support

obligation based on Mother's and Father's income as of December 15, 2015. The trial court concluded Father's discovery that Mother earned $14,724.00 as of July 31, 2015, five months before the hearing and prior to Mother's unemployment, had no basis in recalculating a child support modification.

{¶10} It is from this decision Father now appeals.

## ASSIGNMENTS OF ERROR

{¶11} Father raises one Assignment of Error:

{¶12} "WHETHER THE TRIAL COURT ABUSED ITS DISCRETION BY NOT IMPUTING THE OBLIGEE'S INCOME WHEN CALCULATING CHILD SUPPORT PREMISED UPON THE OBLIGE [SIC] VOLUNTARILY LEFT HER EMPLOYMENT."

## ANALYSIS

### Standard of Review

{¶13} The decision whether to grant a motion for relief from judgment under Civ.R. 60(B) lies within the trial court's sound discretion. *Griffey v. Rajan*, 33 Ohio St.3d 75, 514 N.E.2d 1122 (1987). In order to find abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶14} A party seeking relief from judgment pursuant to Civ.R. 60(B) must show: "(1) a meritorious defense or claim to present if relief is granted; (2) entitlement to relief under one of the grounds set forth in Civ.R. 60(B)(1)-(5); and (3) the motion must be timely filed." *GTE Automatic Electric, Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. A failure to establish any one of the three requirements will cause the motion to be overruled. *Rose Chevrolet, Inc. v. Adams*,

36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988); *Argo Plastic Prod. Co. v. Cleveland*, 15 Ohio St.3d 389, 391, 474 N.E.2d 328 (1984).

{¶15} Father argued the trial court should vacate the judgment pursuant to Civ.R. 60(B)(5). Civ.R. 60(B)(5) allows the trial court to relieve a party from a final judgment for "any other reason justifying relief from the judgment." Civ.R. 60(B)(5) operates as a catch-all provision and "reflects 'the inherent power of a court to relieve a person from the unjust operation of a judgment.' " *Bringman v. Bringman*, 5th Dist. Knox No. 16CA01, 2016-Ohio-7514, ¶ 33 citing *Maggiore v. Barensfeld*, 5th Dist. Stark No.2011CA00180, 2012–Ohio–2909, ¶ 35 citing *Dutton v. Potroos*, 5th Dist. Stark No.2010CA00318, 2011–Ohio–3646, at ¶ 49. It is reserved for "extraordinary and unusual case [s]," *Myers v. Myers*, 9th Dist. Summit No. 22393, 2005–Ohio–3800, at ¶ 14, and "is not a substitute for the enumerated grounds for relief from judgment [.]" *Id.*

### Mother's Gross Income

{¶16} Father argues in his motion for relief from judgment that Mother committed a fraud on the court when she failed to disclose the total amount of her 2015 income. Father states at the December 15, 2015 magistrate's hearing on child support modification, Mother made false sworn statements and gave false testimony regarding her employment earnings for purposes of child support computation.

{¶17} According to the magistrate's decision, Mother was unwilling or unable to state at the hearing the amount of income she earned in 2015. The magistrate found Mother's answers to be vague and evasive. The record does not contain a transcript of the December 15, 2015 magistrate's hearing. Father did not provide the trial court with a transcript of the December 15, 2015 hearing. As the trial court notes in its July 1, 2016

judgment entry, the trial court was unable to review Mother's actual testimony to determine if Mother's testimony was evasive.

{¶18} When a court computes the amount of child support required to be paid under a court child support order or a child support enforcement agency computes the amount of child support to be paid pursuant to an administrative child support order, the court or agency has some discretion when calculating gross income. R.C. 3119.05(H). "When the court or agency calculates gross income, the court or agency, when appropriate, may average income over a reasonable period of years." R.C. 3119.05(H).

{¶19} On December 15, 2015, the parties reached an agreement as to the child support modification, which was reflected in the January 7, 2016 magistrate's decision and journalized on March 2, 2016. The parties calculated Mother's gross income based on her annual income from unemployment compensation. There is no dispute that on December 15, 2015, Mother was unemployed and receiving unemployment compensation. Pursuant to R.C. 3119.05(H), we find no abuse of discretion for the trial court to rely upon Mother's annual unemployment compensation as her gross income.

{¶20} Father also contends on appeal the trial court erred because it failed to impute income to Mother based on her voluntary unemployment. Our review of the record shows this argument was never raised before the trial court. There is a fundamental rule that an appellate court will not consider any error which could have been brought to the trial court's attention, and hence avoided or otherwise corrected. *Schade v. Carnegie Body Co.*, 70 Ohio St.2d 207, 210, 436 N.E.2d 1001, 1003 (1982) citing *State v. Glaros*, 170 Ohio St. 471, 166 N.E.2d 379 (1960), paragraph one of the syllabus.

{¶21} Father's sole Assignment of Error is overruled.

## CONCLUSION

{¶22} The judgment of the Richland County Court of Common Pleas, Domestic Relations Division is affirmed.

By: Delaney, P.J.,

Wise, John, J. and

Wise, Earle, J., concur.